## UNITED STATES *v.* WALLACE.

*(District Court, E. D. South Carolina.    October 18, 1889.)*

1. UNITED STATES MARSHAL—ILLEGAL FEES—INDICTMENT.

Rev. St. U. S. § 5438, makes it criminal for any person to make or cause to be made, or present or cause to be presented, for payment or approval, to any person or officer in the government service, any claim against the government, knowing the same to be false or fictitious, or to cause to be made or used any false receipt, voucher, account, affidavit, etc., knowing the same to be false, with intent to defraud, etc.    An indictment charged that defendant, a deputy marshal, having a warrant for the arrest of a violator of the United States statutes, served the same, and, for the purpose of obtaining approval and payment of a false and fictitious claim against the government, caused to be made a false and fictitious account, affidavit, and voucher as to the number of miles traveled by him, and as to the employment of a guard in such service, and as to the number of meals furnished the prisoner. The account was set out in full, as were also the guard's receipt for fees, and the receipt of the person furnishing the meals.    The account was alleged to be false, and the fictitious items were designated specifically, and it was alleged that defendant knew them to be false.    *Held,* that the specific acts constituting the offense of making the false account were set out with sufficient particularity.

2. SAME.

The omission to allege the name of any officer to whom the account was to be presented is a fatal defect to such an indictment.

3. SAME.

It is insufficient to allege that an account due from the United States to C., the United States marshal, was presented to C., as the marshal could not audit or pay a claim against the government, due to himself.

On Demurrer to Indictment.

*Abiel Lathrop*, U. S. Dist. Atty., and *H. A. De Saussure*, Asst. U. S. Dist. Atty.

*J. P. K. Bryan*, for defendant.

SIMONTON, J. The defendant is indicted for violating section 5438, Rev. St. The indictment contains two counts. The first is for making and using false receipts, vouchers, accounts, and so forth, for the purpose of obtaining payment or approval of a false, fictitious, and fraudulent claim against the United States. The second is for presenting a false, fictitious, and fraudulent claim for payment to G. I. Cunningham, marshal of the United States for the district of South Carolina. The defendant demurs to the indictment. This necessitates an examination of the language of the indictment. The indictment is brought under the first clauses of section 5438, which are in these words:

"Sec. 5438. Every person who makes or causes to be made, or presents or causes to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry."

The first count, after reciting that the defendant, a deputy-marshal, was intrusted with the service of a warrant against one John Brooks, charged with violating section 5438, Rev. St., issued by a commissioner of this court, served said warrant, and arrested Brooks, and for the purpose of obtaining approval and payment of a false, fictitious, and fraudulent claim against the government of the United States, did then and there make and cause to be made a certain false, fictitious, and fraudulent account, affidavit, certificate, and voucher as to the number of miles traveled by him, the said L. W. Wallace, deputy-marshal, as aforesaid; and as to the employment of one J. H. Williamson as guard over the said John Brooks; and as to the number of miles traveled by the said L. W. Wallace, deputy-marshal, his guard, and said Brooks, in transporting Brooks from the alleged place of arrest at Elloree, Orangeburg county, to Charleston, S. C., and as to two meals furnished said Brooks, and to the employment of a guard over Brooks; setting out the account in full, headed: "United States of America to G. I. Cunningham, United States Marshal, by Deputy L. W. Wallace, Dr.," accompanied by copy of receipt of J. H. Williamson, a guard, and of John Lewis for meals, with an affidavit before J. Wesley Smith, United States commissioner, of the truth of the items. The count goes on to charge the falsity of the account, and specifying the items, concluding with the allegation that defendant knew that they were false. The second count charges that the defendant, a deputy-marshal, did present for payment to George I. Cunningham, he being an officer in the civil service of the United States,—that is, being United States marshal in and for the district of South Carolina,—a claim

against the government of the United States in the words and figures of the account in the first count, set out, however, in this count, which is charged to be false, fraudulent, and fictitious in certain particulars set out in detail.

The specific grounds of demurrer to the first count are: (1) That it sets out the charge in general terms, and does not state the specific charge,—does not descend to particulars; that is to say, "for the purpose of obtaining approval and payment of a false, fraudulent, and fictitious claim against the government of the United States," without specifying the nature and details of the false, fraudulent, and fictitious claim, nor the name of the person or officer to whom presented. (2) That it charges a false affidavit, and the copy of the affidavit in the count shows that it was made before a United States commissioner, who had no authority to administer such an oath. So it is not an affidavit.

Let us examine these. "The object of the indictment is: *First*, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against further prosecution of the same cause; and, *second*, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had; for these facts should be stated, and not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." Again: "The accused must be apprised by the indictment with reasonable certainty of the nature of the accusation against him, to the end that he must prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statutes." *U. S.* v. *Hess*, 124 U. S. 487, 8 Sup. Ct. Rep. 571. This case is quoted at length, because it is relied upon by the defendant, and because it is recognized as controlling authority. Let us apply it to this case. We inquire, what is the offense charged in this first count? Next, in what manner is the charge made? The first count charges the making and causing to be made by the defendant of a certain false, fictitious, and fraudulent account, affidavit, certificate, and voucher; then states the particular items of these, and declares each of them in detail to be false, fictitious, and fraudulent, and made for the purpose of obtaining payment by the government of the United States of a false, fictitious, and fraudulent claim; that is to say, charging him with a crime, the count recites in detail the facts which it designates to be criminal, and charges the intent, which fixes the criminality. It is not, as seems to be supposed, a charge that he presented a false, etc., claim. Were it so, the species—the details—of the claim must be given. But the charge is that he made and used a certain false account, voucher, etc., for the purpose of obtaining payment or approval of the claim so made up. And in making this charge the specific acts are set out in detail, with the account prepared upon the false, fictitious, and fraudulent assertion of these facts. It seems to me that this apprises the defendant with reasonable

certainty of the nature of the accusation against him. He can prepare his defense to it, and if at any time hereafter he be called to account for these same acts, (voucher, account, etc.,) he can plead the result of a trial on this indictment for his defense

It is further contended that the name of no person or officer in the service of the United States is stated in the count, to whom this claim was to be presented. Is this necessary? The first clause forbids the making or presenting for payment or approval "to or by any person or officer in the civil, military, or naval service of the United States" any claim against the government of the United States, etc., which is known to be false, fraudulent, and fictitious. The second clause forbids the making or using of any false bill, account, etc., for the purpose of obtaining the payment or approval "of any such claim;" that is to say, any claim so presented or to be presented to any officer in the civil, military, and naval service of the United States, and known to be false, fraudulent, and fictitious. This being so, the omission to state the person to whom the claim was, or was to be, presented is fatal. The preparation of a claim against the government, however false, fraudulent, and fictitious the claim may be, is not a crime. It must be prepared for the purpose of being presented. Not only so, as the government of the United States is impersonal, acting and acted upon by and through its agents, such claim must be presented or be prepared for presentation to an agent of the United States, and he must be the proper agent. The presentation of a claim for munitions of war furnished to the United States to the postmaster at Charleston, or for naval stores to the internal revenue collector, or for carrying the mails to the district attorney, however fictitious, false, and fraudulent either of them may be, would not violate this section. To complete the offense, therefore, it must be proved that the false vouchers, etc., were prepared for the purpose of presenting the false claim for payment or approval to or by any person or officer in the service of the United States authorized to approve, audit, or pay the same; and if this is to be proved, it must be alleged. *U. S.* v. *Glover*, 32 Fed. Rep. 142.

With regard to the alleged affidavit, without deciding the question whether a commissioner can administer such an oath, it is enough to say that the count charges the use of a false, fictitious, and fraudulent account, certificate, and voucher, as well as affidavit, and the account, whether sworn to or not, set out in the count, will sustain this charge.

*Second Count.* The indictment charges the presenting for payment of a claim against the United States to George I. Cunningham, marshal, etc. The account set out in the count is "United States of America to George I. Cunningham, United States Marshal, Dr." Surely this was not presenting a claim against the United States, or any department or officer thereof, to a person in the civil, military, or naval service of the United States. Mr. Cunningham could not pay for the government his own claim against the government, nor was he the proper agent of the government to approve, audit, or pay this claim. This makes it unnecessary to discuss any other ground of demurrer to the count. Demurrers are sustained.