UNITED STATES v. BRACE et al.

(District Court, N. D. California. January 17, 1906.)

No. 4,352.

INDICTMENT—DEMURRER—DEFENSE OF LIMITATION.

A defendant indicted for an offense against the United States, not capital, cannot avail himself of the defense of the three-year limitation contained in Rev. St. § 1044 [U. S. Comp. St. 1901, p. 725], by demurrer, where the indictment does not show on its face that defendant is not within the exception of persons fleeing from justice created by section 1045 [U. S. Comp. St. 1901, p. 726]. In such case, the proper practice is for defendant to file a special plea in the nature of a plea in abatement, or to avail himself of the defense by evidence under the general issue.

On Demurrer to Indictment.

A. P. Black, Asst. U. S. Atty.
J. H. G. Weaver and W. F. Clyborne, for defendant.

DE HAVEN, District Judge. The defendants demur to the indictment upon the grounds, first, that the matters therein charged do not constitute any offense against the laws of the United States; and, second, that the alleged public offense is barred by the provisions of section 1044 of the Revised Statutes [U. S. Comp. St. 1901, p. 725].

1. The indictment sufficiently charges the defendants with the crime of conspiracy to defraud the United States of the title to certain public lands therein described.

2. Section 1044 of the Revised Statutes provides:

"No person shall be prosecuted, tried, or punished for any offense, not capital, * * * unless the indictment is found, or the information instituted within three years next after such offense shall have been committea."

It is further provided by section 1045 of the Revised Statutes [U. S. Comp. St. 1901, p. 726], that the provisions of the preceding section 1044, shall not extend to any person fleeing from justice. The indictment under consideration here does not show upon its face that the defendants are not within the exception created by this last section. This being so, the defendants cannot, by demurrer, avail themselves of the objection that the offense charged in the indictment is barred by the statute of limitations. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538. The court in that case said:

"Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice and was within the exception."

From this it would seem that when a defendant is arraigned upon an indictment in form like that now before the court, and he wishes to avail himself of the limitation prescribed by section 1044 of the Revised Statutes, the proper practice is for him to interpose a special plea in the nature of a plea in abatement, or the question may be presented by evidence given under the plea of not guilty.

The demurrer is overruled.