### UNITED STATES v. DUNTEN.

(District Court, D. Oregon. March 2, 1925.)

Criminal law ⬤⟳147—Time for prosecuting for perjury committed in land entry extended to six years.

The amendment of Rev. St. § 1044, by Act Nov. 17, 1921, § 1 (Comp. St. Ann. Supp. 1923, § 1708), by providing that "in offenses involving the defrauding or attempts to defraud the United States or any agency thereof * * * now indictable under any existing statutes, the period of limitation shall be six years," applies to a prosecution for perjury committed in making final proof under a homestead entry of public land.

Criminal prosecution by the United States against Victoria V. Dunten, formerly Victoria V. Blackburn. On plea in abatement. Denied.

John S. Coke, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

J. W. McCulloch, of Ontario, Or., for defendant.

WOLVERTON, District Judge. The defendant is charged with the crime of perjury, committed on October 3, 1921, the indictment for which was returned by the grand jury into court on October 31, 1924. The perjury consists in swearing falsely to final proof made in support of a homestead entry for procuring patent from the United States to the lands comprised by the entry. Defendant has interposed a plea in abatement, on the ground that the indictment was not found and returned within three years after the alleged perjury had been committed.

By Act of Congress of November 17, 1921, section 1044 of the Revised Statutes (Comp. St. Ann. Supp. 1923, § 1708), which prescribes that "no person shall be prosecuted, tried, or punished for any offense, not capital, * * * unless the indictment is found * * * within three years next after such offense shall have been committed," was amended with a proviso "that in offenses involving the defrauding or attempts to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, and now indictable under any existing statutes, the period of limitation shall be six years." The single question presented for decision is whether the offense of perjury comes within the purview of the amendment, which fixes the limitation for indictment at six years, and not three, as prescribed by the original section 1044, R. S.

The language of the amendment is very specific and searching. It relates to offenses involving the defrauding or attempts to defraud the United States, or any agency thereof, whether by conspiracy or not, and in any manner. Without question, an attempt to impose upon the officers of the Land Department of the United States a false final proof for obtaining patent, under the Homestead Act, to the public domain of the United States, bears with it the ulterior and corrupt purpose of defrauding the United States out of the lands involved. There can be no other inference drawn from the act of making false final proofs for obtaining the patent. In my opinion, the offense charged falls within the intendment and purview of the amendment.

Plea in abatement denied.