## EVANS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2420.

**1. Indictment and information ⬅125(19).**

Count of indictment under Criminal Code, § 35 (Comp. St. § 10199), charging presentation of false claim against government and false supporting affidavit, *held* not duplicitous.

**2. Indictment and information ⬅125(4).**

Count of indictment under Criminal Code, § 35 (Comp. St. § 10199), charging use of false affidavit to obtain payment of claim and defraud government, *held* not duplicitous.

**3. Criminal law ⬅1167(2).**

Where sentence was less than authorized under good count of indictment, conviction will not be reversed because of bad count.

**4. Indictment and information ⬅147.**

Statute of limitations is not properly raised by demurrer.

**5. Criminal law ⬅147.**

Six, not three, years' limitation (Act Nov. 17, 1921 [Comp. St. Ann. Supp. 1923, § 1708]), applies to violations of Criminal Code, § 35 (Comp. St. § 10199), by presenting false claim against government and false supporting affidavit.

**6. United States ⬅121—Knowingly untruthful statements of material facts in reasons for refund of taxes paid under Revenue Act Feb. 24, 1919 (40 Stat. 1057), constitute "false claim," within Criminal Code, § 35 (Comp. St. § 10199).**

In view of regulations of Commissioner of Internal Revenue, knowingly untruthful statements of material facts in "reasons for refund" of excise taxes paid under Revenue Act Feb. 24, 1919, supported by fictitious copies of letters and cards attached thereto, constitute "false claim" against government, within Criminal Code, § 35 (Comp. St. § 10199).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, False Claim.]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

E. D. Evans was convicted of violating Criminal Code, § 35, by presenting a false and fraudulent claim against the government and filing a false supporting affidavit, and he brings error. Affirmed.

George F. von Kolnitz, of Charleston, S. C., for plaintiff in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. E. Meyer, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before WADDILL and PARKER, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge. The plaintiff in error, hereinafter referred to as the defendant, was convicted of violating section 35 of the Criminal Code (Comp. St. § 10199). The indictment contained three counts, the first charging the presentation of a false and fraudulent claim against the government, the second charging the presentation of a fraudulent claim and the filing of a false affidavit in support thereof, and the third charging the filing of a false affidavit in support of a claim theretofore filed, without charging that the claim was false. The defendant was acquitted on the third count of the indictment, but was convicted on the first and second counts. He was given a less sentence than was authorized by the statute for conviction on a single count.

The false claim which was the subject of the indictment was a claim filed by the defendant with the Commissioner of Internal Revenue in behalf of the Lemon Cola or Bludwine Bottling Company of Charleston, S. C., demanding the refund of a portion of the excise taxes paid by that company under the Revenue Act approved February 24, 1919 (40 Stat. 1057). The act imposed a

tax of 10 per cent. upon the gross sales price of soft drinks, and the company had paid this 10 per cent. on its gross sales from the passage of the act until March 1, 1921. After that date it billed the trade separately for the taxes and delivery charges and paid the 10 per cent. only on the price charged for the drinks f. o. b. the factory.

In the fall of 1921 the defendant, having been employed by the company as auditor, conceived the plan of getting back from the government a portion of the taxes paid prior to March 1, 1921. He accordingly obtained an agreement from the company that he should have one-half of all sums realized and proceeded to file claim in its behalf. This claim was false, in that it was based upon a false statement as to how the company dealt with its customers, and was supported by fictitious copies of letters and cards which were falsely asserted in the claim to have been sent to the customers. In May, 1919, the Commissioner of Internal Revenue had adopted a regulation which provided:

"If the sale price of a taxable beverage is increased to cover the tax, the tax is on such increased sale price, but where the tax is billed as a separate item it is not to be considered as an increase in the sale price."

Later a regulation allowed the tax to be computed on the price charged at the factory, where transportation charges were billed as separate items. Defendant claimed that the company was entitled to a refund, because it had notified its customers in writing from time to time that a definite portion of the moneys collected were for taxes and transportation charges, and that consequently the company was not taxable on this portion of the moneys received by it; these being set forth at length in a paper entitled "Reasons for Refund," which was filed along with the demand. Attached to these papers were what purported to be copies of form letters and cards sent out to the trade from time to time, showing that war taxes and delivery charges (after July 1, 1920) were charged for separately from the drinks sold. It was shown that this statement as to written notice to the trade was absolutely false, that no such form letters or cards were in fact sent out, and that they were printed on the day before the claim was filed for the express purpose of being attached to it.

As to the false affidavit, the filing of which was charged in the second count of the indictment, the evidence showed that the defendant, in May, 1922, obtained a false affidavit from a printer to the effect that he had printed the cards and circular letters attached to the claim on the days of which they bore date; whereas, the truth was that the affiant had not printed them at all, but that they had been printed by another printer on the day before the filing of the claim. This false affidavit was filed in support of the claim.

[1] The first and second assignments of error present exceptions taken to the refusal of the court to hold the second and third counts of the indictment bad for duplicity. The defendant having been acquitted on the third count, the points raised with regard thereto need not be considered. We think the demurrer was properly overruled as to the second count. Two points are raised as to this count by the demurrer: First, that the count is duplicatious, in that it charges both the presentation of a false claim and the presentation of a false affidavit in support thereof; and, second, that it is duplicatious in that it charges both that the false affidavit was used for the purpose of obtaining the payment and approval of the claim, and also for the purpose and with the intent of defrauding the United States.

Neither point is well taken. The evil which the statute was intended to reach was the obtaining of money from the United States by false claims and pretenses. The statute was directed against certain defined modes of accomplishing this evil, and it was proper to charge in one count the doing of the prohibited thing in each and all of the prohibited modes. The exact point was decided by the Supreme Court of the United States in a prosecution under section 5421 of the Revised Statutes (Comp. St. § 10193), which penalizes frauds in the presentation of pension claims. The court said:

"We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused, who pleads not guilty to the charge contained in a single count; for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it." Crain v. U. S., 16 S. Ct. 952, 162 U. S. 625, 40 L. Ed. 1097.

[2] As to the second point, it seems perfectly clear that, when a statute makes an act criminal when done with either of two intents, the doing of the act is only one crime, even though both intents be present; and, if

this be true, it follows that an indictment charging the act to have been done with both intents charges but a single crime, and cannot be held bad for duplicity. And this has been decided. McKnight v. U. S., 97 F. 208, 38 C. C. A. 115; Boone v. U. S., 257 F. 963, 169 C. C. A. 113.

[3] But, even if the count were held bad, it would not benefit the defendant, as he has received a less sentence than might have been imposed under the first count alone. "Nothing is better settled than that a verdict and· judgment upon an indictment containing several counts should not be reversed, if any one of the counts is good and warrants the judgment." Woods v. U. S. (C. C. A.) 279 F. 708.

[4, 5] The third assignment of error raises the point of the statute of limitations. This point is not properly before us, for no attempt was made to raise it in the court below, except by demurrer; and the statute of limitations cannot be taken advantage of in this way. U. S. v. Cook, 17 Wall. 168, 21 L. Ed. 538; U. S. v. Brace (D. C.) 143 F. 703. Greene v. U. S., 154 F. 401, 85 C. C. A. 251. We are of opinion, however, that none of the· offenses charged in the indictment are barred by the statute of limitations, as the six-year and not the three-year period of limitations is the one applicable. Act Nov. 17, 1921 (U. S. Comp. Stat. 1923 Supp., § 1708); U. S. v. Dunten (D. C.) 4 F.(2d) 616.

[6] The fourth assignment of error is directed to that part of the charge wherein the jury were instructed on the first count that a claim consists of all the facts set forth in the demand which are material to the validity of the claim, and that, if such facts are untrue and are known to be untrue, it is a false claim. The criticism of defendant is that the falsity of facts set forth in support of a claim cannot convert a claim for money to which a party believes himself entitled into a false and fraudulent claim. This position of defendant, even as a general proposition, would seem to be unsound. U. S. v. Wallace (D. C.) 40 F. 144. But it has no application here, for the reason that, in view of the regulations of the Commissioner of Internal Revenue, the statements made by defendant in the paper entitled "Reasons for Refund" and the fictitious copies of letters and cards attached thereto constituted the only possible basis for the refund asked. The statements were obviously made and the copies attached for the purpose of showing compliance with the regulations, which would alone entitle claimant to the refund, and were intended to be considered by the Commissioner as a part of the claim in passing upon the demand for refund. Claims against the government invariably and necessarily consist of statements of fact in connection with demands for payment, and it would be a perversion of language to say that a false statement of fact, made in connection with the demand and as the basis thereof, does not constitute it a false claim within the meaning of the statute.

The only remaining assignments of error relate to the charge of the court on the third count of the indictment; but, as the defendant was acquitted on this count, these assignments need not be considered. Upon a careful review of the entire record we are of opinion that there was no error, and that the judgment of the District Court should be affirmed.

Affirmed.