**UNITED STATES of America, Plaintiff,**

**v.**

**Fay Clinton HARRIS, Defendant.**

**No. 18004.**

United States District Court
W. D. Missouri, W. D.

Aug. 24, 1955.

Edward L. Scheufler, U. S. Dist. Atty., and Paul R. Shy, Asst. U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

Fay Clinton Harris, pro se.

WHITTAKER, District Judge.

Defendant's motion, filed herein on August 10, 1955, under Rule 35 of Federal Rules of Criminal Procedure, 18 U.S.C.A., and invoking the terms of Section 2255, Title 28 U.S.C.A., to vacate, set aside or correct sentences imposed upon him, upon his plea of guilty, by the former, now retired, judge of this Court, on April 13, 1951, is the matter now before me.

Count 1 of that information charged defendant with fraudulently passing and uttering, in this district, on April 5, 1951, a forged and counterfeited $10 Federal Reserve note, and Count 2 charged defendant with fraudulently bringing into the United States and possessing and concealing, in this district, on April 6, 1951, a false and counterfeited $10 Federal Reserve note. Upon his plea of guilty to those counts, the Court imposed a sentence of 15 years on each count, to run consecutively. Those sentences are in no way challenged, and, indeed, are not subject to challenge, by defendant on this motion.

But counts 3 through 22 each charged defendant with uttering and publishing, in this district, a false, forged and counterfeited United States Savings Bond.

The last one, in point of time, was charged, by Count 22, to have been uttered and published on January 13, 1948. Therefore, each of those crimes was charged in the information to have been committed more than 3 years before the filing of the information. But the information, in express terms, relied, for avoidance of the 3-year statute of limitations, Section 3282, Title 18 U.S.C.A., upon the "Wartime Suspension of Limitations Act", Section 3287, Title 18 U.S.C.A. Upon his plea of guilty to these counts, that is Counts 3 to 22, inclusive, of the information, the Court, on said 13th day of April, 1951, sentenced defendant to a term of 10 years on each count, to run concurrently with each other, but consecutive to the sentence imposed on Count 2, making an aggregate sentence of 40 years.

By his present motion, defendant takes the position that the Wartime Suspension of Limitations Act, Section 3287, Title 18 U.S.C.A., was not in effect at the time of the commission of the crimes charged in Counts 3 through 22 of the information, and that, hence, the applicable statute of limitations was Section 3282, Title 18 U.S.C.A., which provided a limitation period of 3 years, and, therefore, it appeared on the face of the information, at the time of his plea of guilty and sentence on April 13, 1951, that each of the crimes charged in Counts 3 through 22 of the information were barred by limitations, and that the sentences imposed upon him upon those counts were void and should be vacated.

Pursuant to notice served upon the District Attorney as required by Section 2255, Title 28 U.S.C.A., he has responded with a brief in which he commendably admits that, subsequent to the date of the sentences complained of, the Supreme Court of the United States, on January 7, 1952, in United States v. Smith, 342 U.S. 225, 72 S.Ct. 260, 96 L.Ed. 252, held that the Wartime Suspension of Limitations Act, Section 3287, Title 18 U.S.C.A., was not applicable to crimes occurring after December 31, 1946, the date upon which the President proclaimed the cessation of hostilities, and that, therefore, said Wartime Suspension of Limitations Act was not applicable to the crimes charged against defendant in Counts 3 through 22 of the information, but, rather, they were governed, as to limitations, by the terms of Section 3282, Title 18 U.S.C.A., which provides:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed."

The District Attorney then questions, however, whether the matter of limitations is jurisdictional, or a mere procedural matter of affirmative defense which was waived by defendant through failure to assert it defensively and by his plea of guilty; and, without citation of authority, he states the latter to be his view and checks the question up to the Court for decision.

I find a good many cases, stemming from United States v. Cook, 17 Wall. 168, 84 U.S. 168, 179, 21 L.Ed. 538, such as United States v. Brace, D.C., 143 F. 703, Greene v. United States, 5 Cir., 154 F. 401, 411, United States v. Andem, D.C., 158 F. 996, 999, Evans v. United States, 4 Cir., 11 F.2d 37, 39, Hughes v. United States, 6 Cir., 114 F.2d 285, 288, Capone v. Aderhold, 5 Cir., 65 F.2d 130, United States v. Parrino, 2 Cir., 203 F.2d 284, and United States v. Johnson, D.C. Pa., 76 F.Supp. 542, 544, holding that the bar of the statute of limitations in actions pending in a Federal court is a matter of affirmative defense, and cannot be raised by a demurrer to the indictment or information, but only by a plea in bar. However, I believe that those cases all rest on the principle announced in United States v. Cook, supra, that the prosecution must be allowed an opportunity, in meeting the defense of limitations, to show the existence of some exception to the rule,

such as fleeing from the scene or jurisdiction of the crime, and other similar exceptions applicable to most of the cases cited, but conspicuously absent in the instant case, as there appear to be no exceptions to the limitation provisions of Section 3282, Title 18 U.S.C.A., applicable to a case such as the one now before me.

▮ Here the information, as respects Counts 3 through 22, on its face shows that the offenses had occurred much more than 3 years before the filing of the information. Note that Section 3282 is not couched in language of repose, but, rather, in language of extinguishment or prohibition of prosecution. It says "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed." It seems to me that in the circumstances here that statute presented a situation that deprived the Court of jurisdiction to pronounce a judgment of guilty upon defendant under Counts 3 through 22, inclusive.

▮▮ Though the plea of guilty admitted all the facts averred in the information, which, as respects Counts 3 through 22 here, alleged crimes that were barred by the limitations of Section 3282, it did not constitute a waiver of jurisdictional defects, United States v. Gallagher, 3 Cir., 183 F.2d 342, 344, and if a sentence has been imposed under an indictment or information that is so obviously defective as not to charge a punishable offense, it will be vacated upon a motion under Section 2255, Title 28 U.S.C.A., Klein v. United States, 7 Cir., 204 F.2d 513, and the same is true where it appears on the face of the information that no punishable Federal offense has been committed, Kreuter v. United States, 10 Cir., 201 F.2d 33.

▮▮ Moreover, it is to be noted that Section 2255, supra, does not limit the power and duty of the Court to vacate sentences to those cases in which the Court was without jurisdiction to impose the sentence. The statute also says that it is within the power and is the duty of the Court to vacate a sentence that "was imposed in violation of the Constitution or laws of the United States * * * or is otherwise subject to collateral attack * * *". In the circumstances here, I think the sentences imposed upon defendant under Counts 3 to 22, inclusive, of the information were imposed in violation of the laws of the United States, namely Section 3282, supra, and that those sentences are subject to collateral attack on that ground.

Upon the foregoing, I make the following:

### Findings of Fact

1. Counts 3 to 22, inclusive, of the information herein showed on their face that they charged the commission of offenses more than 3 years before the date of the filing of the information herein on April 13, 1951.

And I make the following:

### Conclusions of Law

▮ 1. That the Wartime Suspension of Limitations Act, Section 3287, Title 18 U.S.C.A., relied upon in each of Counts 3 through 22 of the information to suspend the running of the statute of limitations, was not applicable to crimes committed after December 31, 1946.

▮ 2. That the statute of limitations applicable to Counts 3 through 22 of the information was Section 3282, Title 18 U.S.C.A., providing a limitation period of 3 years from the date of the commission of the offense.

3. That it affirmatively appeared on the face of each of Counts 3 through 22 of the information that more than 3 years from the complained-of crimes had expired before the filing of the information herein on April 13, 1951, and,

therefore, each of the crimes complained of in Counts 3 through 22 of the information were barred by limitations, and defendant was not subject to being "prosecuted, tried or punished" therefor under the express terms of Section 3282, supra.

4. That said defect in Counts 3 to 22, inclusive, of the information was jurisdictional, and the sentences pronounced thereon were and are subject to collateral attack upon this motion to vacate those sentences, and that said motion to vacate the sentences imposed upon defendant upon said Counts 3 to 22, inclusive, of the information is well taken, and must be sustained.

Upon the foregoing findings and conclusions, I enter the following:

### Order

It Is Considered, Ordered And Adjudged By The Court that the sentences imposed upon defendant herein on April 13, 1951, upon and under Counts 3 through 22 of the information herein, be, and they are hereby, vacated and set aside; but the sentences imposed by the Court upon defendant, on said date, upon and under Counts 1 and 2 of said information, are in no way disturbed hereby, but shall, in all things, stand as entered.

Done, this 24th day of August, 1955.