UNITED STATES of America, Plaintiff,

v.

Carlos CARDOEN, Franco Saffa, Jorge Burr, Industrias Cardoen Limitada, a/k/a Incar, Swissco Management Group, Inc., Edward A. Johnson, Ronald W. Griffin, and Teledyne Industries, Inc., d/b/a Teledyne Wah Chang Albany, Defendants.

No. 93–241–CR.

United States District Court, S.D. Florida.

March 22, 1994.

been enough evidence against him to result in a conviction. Appellant's Brief at 44.

Kendall Coffey, U.S. Atty., Frank Tamen, Eduardo Palmer, Asst. U.S. Attys., Miami, FL, for plaintiff.

William J. Linklater, Chicago, IL, for Teledyne Industries, Inc., d/b/a Teledyne Wah Chang Albany.

Gerald J. Houlihan, Miami, FL, for Edward A. Johnson.

Brian O'Neill, Santa Monica, CA, for Ronald W. Griffin.

*ORDER GRANTING DEFENDANT TELEDYNE INDUSTRIES, INC.'S MOTION TO DISMISS COUNTS II THROUGH VI*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Teledyne Industries, Inc.'s motion under Rule 12(b) to dismiss Counts II through VI as barred by the statute of limitations. After the motion had been appropriately briefed, the Court held evidentiary hearings on this matter on February 14, 1994 and March 11, 1994. Having received documentary and testimonial evidence, having heard arguments of counsel, and being otherwise fully advised in the premises, the Court hereby states its essential findings of fact, pursuant to *Fed.R.Crim.P.* 12(e). In accordance with these findings, the Court grants the defendant's motion.

## *PROCEDURAL BACKGROUND*

On May 26, 1993, the grand jury returned a twenty-one count indictment against the above-named defendants. The counts at issue in this motion, counts II through VI, charge Defendant Teledyne Industries, Inc., d/b/a Teledyne Wah Chang Albany, with the following offenses:

Count II: Violations of the Export Administration Act on or about May 8, 1987.

Count III: Violations of the Arms Export Control Act on or about June 4, 1987.

Count IV: Violations of the Arms Export Control Act on or about July 9, 1987.

Count V: Making false statements in connection with an export license application on or about November 2, 1987.

Count VI: Violations of the Arms Export Control Act on or about January 9, 1988.

As can be easily discerned, the indictment was not returned within five years of the alleged commission of any of these offenses. Therefore, the applicable statute of limitations, 18 U.S.C. § 3282, operates as a bar to prosecution of Teledyne Industries, Inc. for these offenses.[1] To avoid the statute of limi-

---

1. Section 3282 states:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C.A. § 3282 (West 1985 & Supp.1994).

tations bar, the government relies on an initial waiver that extended the statute of limitations period to December 30, 1992, and two waiver extensions, the first one to February 19, 1993 and the second one to June 1, 1993. The initial waiver was signed by James Denham, Company Counsel, Teledyne Wah Chang Albany, and William Joseph Linklater, Attorney for Teledyne Wah Chang Albany. The two extensions were signed by James Denham, General Counsel, Teledyne Wah Chang Albany, and William Joseph Linklater, Counsel for Teledyne Wah Chang Albany. The binding effect of such waiver and its extensions upon Teledyne Industries, Inc. is the issue presented to the Court by Teledyne Industries, Inc.'s motion.

The filing of Teledyne Industries, Inc.'s motion culminates a series of post-indictment events involving Teledyne Wah Chang Albany, a division of Teledyne Industries, Inc. A chronology of these events is necessary to an understanding of the issues presented by Teledyne Industries, Inc.'s motion. The party charged in the May 26, 1993 indictment is Teledyne Industries, Inc. d/b/a Teledyne Wah Chang Albany. On June 16, 1993, William Joseph Linklater entered an appearance as counsel of record for "Teledyne Wah Chang Albany, a division of Teledyne Industries, Inc. per Board Resolution dated June 15, 1993." (D.E. # 17.) On the same day, Mr. Linklater appeared at the arraignment of the charged party, wherein Mr. Linklater announced his appearance in the same fashion.

On July 16, 1993, the Court granted the government's unopposed motion to correct the indictment. The correction in the indictment changed the charged party to "Teledyne Wah Chang Albany, a division of Teledyne Industries, Inc." The significance of this "correction" did not become apparent to the Court until October, 1993. After reviewing the matter, the Court determined that the change in the indictment was not a mere formality, as purported in the government's unopposed motion. To the contrary, the Court found that replacing the named defendant constituted a substantive alteration to the indictment. Accordingly, at a pretrial conference held on November 18, 1993, the Court vacated its previous order granting the unopposed motion to correct the indictment, thereby restoring the indictment to its original form. The Court then asked Mr. Linklater to reaffirm his notice of appearance on behalf of Teledyne Industries, Inc., which he had filed on October 26, 1993 in response to the Court's order requiring clarification of Mr. Linklater's status. Immediately thereafter, the Court proceeded with the arraignment of the named defendant, Teledyne Industries, Inc.

With the restoration of Teledyne Industries, Inc. as the named defendant, the statute of limitations issue gained significance. In its motion to dismiss, Teledyne Industries, Inc. argues that the government sought and received extensions of the statute of limitations only for Teledyne Wah Chang Albany, not for Teledyne Industries, Inc. Moreover, according to Teledyne Industries, Inc., the signatories to the waiver of the statute of limitations and its extensions, Messrs. Denham and Linklater, never had actual or apparent authority to bind Teledyne Industries, Inc. In opposition to the motion, the government claims that the signatories had actual or apparent authority to bind Teledyne Industries, Inc. The government also argues that Teledyne Industries, Inc., having received the benefit of its bargain, should be estopped from avoiding the adverse effects waiver. At the March 11, 1994 hearing, the government advanced one additional basis for denying, in part, the motion to dismiss. In its closing argument, the government sought to salvage count VI from the limitations bar by asking the Court to make the first waiver extension binding upon Teledyne Industries, Inc., based upon the government's request for execution of the extension by an "authorized" representative.

### FACTUAL FINDINGS

1. William Joseph Linklater, and his firm, Baker & McKenzie, were retained by the defendant, *Teledyne Industries, Inc.,* to represent one of its divisions, *Teledyne Wah Chang Albany,* in a criminal investigation conducted by the United States.

2. One of the areas of investigation centered around the activities of Teledyne Wah

Chang Albany, a division of Teledyne Industries, Inc., which in turn is a subsidiary of Teledyne, Inc.

3. Linklater was retained subsequent to the execution of a search warrant upon "Teledyne Wah Chang Albany" in Albany, Oregon, on or about March 27, 1992.

4. Thereafter, there were contacts and correspondence between Linklater and Assistant United States Attorneys Frank Tamen and Eduardo Palmer relative to the execution of a waiver of the statute of limitations.

5. Ultimately, on May 4, 1992, a "Waiver of Statute of Limitations" was executed by "Teledyne Wah Chang Albany, a division of Teledyne Industries, Inc." extending the limitations period to December 30, 1992. The waiver was signed on behalf of the division by its house counsel, James Denham, and retained counsel, William Joseph Linklater.[2]

6. Two extensions of the waiver were subsequently signed by Messrs. Denham and Linklater. The first extension of the waiver enlarged the limitations period to February 19, 1993; the second extension, to June 1, 1993.

7. It is apparent to the Court that both counsel for the government and Mr. Linklater were dealing in terms of Teledyne Wah Chang Albany from the reference to such entity not only in search warrants and correspondence, but from the fact that the very waiver itself, and its extensions, addressed only Teledyne Wah Chang Albany. In this regard, the Court finds no indicia of duplicity or deliberate efforts to mislead the government on the part of Mr. Linklater.

8. The Court does not find that the references in the waiver document to "the corporation" implicitly translate into references to Teledyne Industries, Inc. Indeed, as late as December 1992, instruments from the government continued to refer variously to Teledyne Wah Chang Albany by the nominative "corporation" or by attaching the suffix "Inc." or "Incorporation."

9. The Court expressly finds that neither James Denham nor William Joseph Linklater

were properly authorized to execute a waiver of the statute of limitations on behalf of Teledyne Industries, Inc.

10. Therefore, the Court further finds that the waiver and its two extensions were ineffectual to bind Teledyne Industries, Inc.

11. The indictment charging Teledyne Industries, Inc. was returned beyond the five year statute of limitations period for the offenses charged in counts II through VI.

12. The statute of limitations, having failed to be tolled, effectively bars the prosecution of Teledyne Industries, Inc. for the allegations contained in counts II through VI of the indictment in the absence of a waiver.

13. Having found the waiver obtained by the government to be ineffectual as to Teledyne Industries, Inc., the Court concludes that the government may not prosecute Teledyne Industries, Inc. for the offenses charged in counts II through VI of the indictment.

14. While the Court finds that William Joseph Linklater had no authority, apparent or otherwise, to bind Teledyne Industries, Inc., he did have authority to speak for the division. It was in such capacity that Mr. Linklater entered an appearance on behalf of Teledyne Wah Chang Albany, a division of Teledyne Industries, Inc. in this action. Mr. Linklater, however, never entered an appearance for Teledyne Industries, Inc. until he was asked to address the issue directly by the Court.

## DISCUSSION

■ The government does not dispute the running of the statute of limitations for the offenses charged in counts II through VI, absent a waiver from Defendant Teledyne Industries, Inc. The prevailing view among the circuits is that a criminal statute of limitations "is a waivable affirmative defense, rather than a jurisdictional bar." *Acevedo–Ramos v. United States*, 961 F.2d 305, 307 (1st Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 299, 121 L.Ed.2d 222 (1992) (citations

---

**2.** The Court is consciously using Mr. Linklater's name, rather than characterizing him as counsel for Teledyne Industries, Inc., because it is not

clear exactly when Mr. Linklater began to actually represent Teledyne Industries, Inc.

omitted). A defendant's waiver of the statute of limitations period, through an extension agreement, is valid if it is entered into "knowingly and voluntarily." *United States v. Caldwell*, 859 F.2d 805, 807 (9th Cir.1988), *cert. denied*, 489 U.S. 1039, 109 S.Ct. 1173, 103 L.Ed.2d 235 (1989). *See also United States v. Del Percio*, 870 F.2d 1090, 1093 (6th Cir.1989) (Where defendants "voluntarily and intelligently extended the limitations period beyond its stated term" an indictment returned after the expiration of the statute of limitations, but prior to the agreed extension, is not time-barred.); *United States v. Wild*, 551 F.2d 418, 425 (D.C.Cir.), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977) (The limitation statute's policy was not violated by a defendant's waiver "where the defendant was fully cognizant of the consequences of such a waiver and decided to execute it on the advice of his attorney for his own benefit.").

■ After reviewing all of the evidence, the Court has determined that the waiver obtained by the government in this case was executed by persons who were not properly authorized to execute a waiver of the statute of limitations on behalf of Teledyne Industries, Inc. Accordingly, Teledyne Industries, Inc. could not have knowingly, voluntarily, and intelligently extended the limitations period beyond its stated term. Therefore, the Court rejects the government's arguments that the signatories to the waiver and its extensions had either actual or apparent authority to bind Teledyne Industries, Inc.

■ In its response to Teledyne Industries, Inc.'s motion, the government also argues that Teledyne Industries, Inc. should be estopped from raising the limitations defense because it received the benefit of its bargain from the government in the form of a delayed indictment.[3] The Court has been unable to locate a criminal case addressing the government's estoppel argument. The criminal cases addressing waivers of the limitations period, however, require that the waiver be knowing, voluntary and intelligent. Such a requirement would not be met if the

court were to imply a waiver by an entity that was not a party to the agreement on the basis that such party was benefitted by said agreement. Therefore, even if Teledyne Industries, Inc. knew about the waiver by Teledyne Wah Chang Albany and benefitted from such waiver, Teledyne Industries, Inc. is not estopped from raising the statute of limitations defense. *See, e.g., Gray v. Executive Drywall, Inc.*, 520 So.2d 619, 620–21 (Fla. 2d DCA), *review denied*, 529 So.2d 694 (Fla. 1988) (A defendant was not estopped from asserting the statute of limitations defense where the defendant had knowledge of the litigation prior to the running of the limitations period.).

■ Finally, the Court addresses the government's attempt to salvage count VI from dismissal. In this regard, the government argues that the second waiver extension should be given validity because Assistant United States Attorney Frank Tamen "specifically requested an authorized representative" to sign such waiver extension "and that's what we got." (Excerpt from Closing Argument on March 11, 1994, at 2.) Mr. Tamen's correspondence of December 2, 1992 to Mr. Linklater indeed requests that the proposed extension form be "signed by Mr. Denham or some other appropriate representative authorized to act for *the corporation.*" *See* Defendant's Exhibit 43 (emphasis added). A review of the extension form submitted by Mr. Tamen reveals a reference to "Teledyne Wah Chang Albany, Incorporation." (Defendant's Exhibit 45.) As noted in the Court's factual findings, the government's references to "the corporation" during this time period do not necessarily translate into references to Teledyne Industries, Inc. since the government appears to have been laboring under the misapprehension that Teledyne Wah Chang Albany was a subsidiary corporation, rather than an unincorporated division, of Teledyne Industries, Inc.

Assuming, *arguendo*, that Mr. Tamen's request referred to an authorized representative of Teledyne Industries, Inc., the govern-

**3.** Although the government appears to have abandoned this argument at the hearing, the

Court addresses it for the sake of completeness.

ment's argument runs into additional pitfalls. To overcome these pitfalls, the Court would first have to breath independent life into the first, and presumably the second, waiver extensions, thereby turning them into documents that stand separate and apart from the waiver itself, so as to bind a different entity. Second, the Court would have to impose a duty upon Teledyne Industries, Inc. to interpret Mr. Tamen's words to mean, "Have the waiver signed by an authorized representative of the entity the government will indict, rather than the entity designated in my proposed form." Third, the Court would have to impose a further duty upon Teledyne Industries, Inc. to act in accordance with such interpretation by ensuring that the signatory to the extensions was an authorized representative of Teledyne Industries, Inc. The Court finds no legal basis for imposing such extraordinary duties upon a defendant for the purpose of extricating the government from its own missteps. Therefore, the Court rejects the government's objection to dismissal of count VI.

Having found no merit in the government's arguments for finding the statute of limitations waiver binding as to Teledyne Industries, Inc., the Court concludes that the government may not prosecute Teledyne Industries, Inc. for the offenses charged in counts II through VI of the indictment.

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendant Teledyne Industries, Inc.'s motion to dismiss Counts II through VI as barred by the statute of limitations is GRANTED. Accordingly, it is further

ORDERED AND ADJUDGED that Defendant Teledyne Industries, Inc. be and the same is hereby DISCHARGED as to Counts II through VI of the indictment and that Defendant Teledyne Industries, Inc. SHALL NOT BE SUBJECT TO FURTHER PROSECUTION as to said counts.

DONE AND ORDERED.