92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Tyrone SAMUEL, Petitioner-Appellant,
v.
W.A. DUNCAN, Warden; James Gomez, Director; Attorney
General of the State of California, Respondents-Appellees.
 No. 95-56380.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 22, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David Samuel appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Essentially, he asserts that the writ should have issued because the state trial court did not give him a competency hearing before he pled guilty. We affirm.
 
 
 4
 (1) We note that under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, there is a one-year statute of limitations for commencing habeas corpus actions which seek review of state convictions. 28 U.S.C. § 2254(d)(1). This action was commenced long after that year had elapsed. However, the government has not raised the issue, so we need not consider it because the statute of limitations is not jurisdictional and can be waived. See United States v. Caldwell, 859 F.2d 805, 806 (9th Cir.1988), cert. denied, 489 U.S. 1039, 109 S.Ct. 1173, 103 L.Ed.2d 235 (1989); United States v. DeTar, 832 F.2d 1110, 1114-15 (9th Cir.1987). At any rate, it is highly doubtful that the new statute of limitations could be applied retroactively to cut off an action that had been filed before the new statute was adopted. See, e.g., Chenault v. United States Postal Serv., 37 F.3d 535, 539 (9th Cir.1994); Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 274 (9th Cir.1988); Usher v. City of Los Angeles, 828 F.2d 556, 559-60 (9th Cir.1987); Gibson v. United States, 781 F.2d 1334, 1339-40 (9th Cir.1986), cert. denied, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).
 
 
 5
 (2) Samuel asserted that, under federal constitutional law standards, the state trial court should have held a more extensive competency hearing before he pled guilty in 1982.[1] The district court agreed, and that determination is not contested on appeal. See Moran v. Godinez, 57 F.3d 690, 695 (9th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 479, 133 L.Ed.2d 407 (1995); United States v. Lewis, 991 F.2d 524, 527 (9th Cir.), cert. denied, 510 U.S. 878, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993); Chavez v. United States, 656 F.2d 512, 515-16 (9th Cir.1981).
 
 
 6
 Samuel, however, asserts that the error was structural and, therefore, required the issuance of the writ. We do not agree. Structural errors are exceptional, and there is a strong presumption that an error is not structural. See Rice v. Wood, 77 F.3d 1138, 1141 (9th Cir.1996) (en banc); Hegler v. Borg, 50 F.3d 1472, 1476 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995). A structural error must permeate the whole of the proceeding or affect its whole framework. See Rice, 77 F.3d at 1141.
 
 
 7
 The error in question here is not structural. If Samuel were incompetent, the whole plea proceeding would undoubtedly have been affected. If he were not incompetent, there would have been no effect whatever. Thus, the question was whether Samuel was competent, and that is an issue which could be determined before the district court decided whether the writ should issue.
 
 
 8
 Of course, there may be times when it is impossible to retroactively decide whether a person was competent years earlier. See Moran, 57 F.3d at 696. That, however, is not this case. The district court had a great deal of information which was collected contemporaneously to the time that Samuel entered his plea in 1982, and the district court was even able to obtain testimony from the trial judge, the prosecution attorney and both defense attorneys.
 
 
 9
 (3) Samuel claims that the district court erred when it found that the trial court's error was harmless because that error did not have a substantial and injurious effect or influence upon the plea proceeding. Cf. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); Bonin v. Calderon, 59 F.3d 815, 823-24 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). Here the district court heard all of the evidence. The expert's reports and testimony indicated that Samuel was not competent, but everybody in the courtroom on the day of the plea thought that he was. His own attorney was quite explicit on that point and even described Samuel's approach to the plea possibilities.
 
 
 10
 We cannot say that the district court clearly erred when it resolved the evidentiary conflict and found that Samuel was competent to enter his plea. That, of course, means that Samuel was able to consult with counsel "with a reasonable degree of rational understanding" and had a rational and factual understanding of the proceedings. See Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993) (quotation omitted). Again, the evidence before the district court was sufficient to allow a determination that he met those criteria.
 
 
 11
 (4) The district court dismissed Samuel's claims of incompetence of counsel because he brought them so late that the specifics regarding the defenses discussed between him and his attorney at the time of his plea were missing and were irretrievable. Thus, the district court exercised its discretion under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. We cannot say that the district court abused its discretion. See Harris v. Pulley, 885 F.2d 1354, 1367 (9th Cir.1988), cert. denied, 493 U.S. 1051, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990). Here it was apparent that critical information regarding the conversations between Samuel and his attorney was lost. Id. at 1366. Moreover, the record does not show that Samuel was diligent. While he now asserts that he was mentally unable to bring his claim at an earlier time, that assertion is entirely undercut by the determination that he was competent at the time of his plea.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Senior United States District Judge, United States District Court for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Samuel's earlier trip to the federal courts, we ordered a dismissal so that he could raise his competency claim in the state courts. See Samuel v. Estelle, No. 91-55216 (9th Cir. Apr. 27, 1992) (unpublished disposition), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The California Supreme Court then denied the claim "on the merits." In other words, California's state standards have been complied with. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (state court determinations control on questions of state law)