**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lewis AKMAKJIAN, Defendant-Appellant.**

No. 80–1677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 1981.

Decided June 1, 1981.

Marti Ann Draper, Roquemore, Pringle & Moore, Inc., Los Angeles, Cal., for defendant-appellant.

William F. Fahey, Asst. U. S. Atty., Los Angeles, Cal., argued for plaintiff-appellee; Katherine M. Quadros, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before ELY, PREGERSON, and NELSON, Circuit Judges.

PER CURIAM:

Akmakjian appeals the denial of his petition under 28 U.S.C. § 2255 requesting that his guilty plea be vacated on the ground that the indictment was barred by the statute of limitations. In denying the petition, the district court held that the alleged defense of untimeliness was nonjurisdictional and had been expressly waived by Akmakjian when he entered his plea of guilty. We affirm.

*Facts*

On April 15, 1975, the Government filed a complaint against Lewis Akmakjian, charging him with filing a false federal income tax return for the calendar year 1968, in violation of 26 U.S.C. § 7206(1). On May 6, 1975, the complaint was dismissed on the Government's motion that the ends of public justice did not require prosecution.

On January 12, 1976, Akmakjian was indicted for six tax offenses occurring in 1969–72. Count 3 of the indictment charged the same offense that had been charged in the previously dismissed complaint. Akmakjian moved to dismiss counts 1 and 3 as barred by the statute of limitations. Before the hearing on the motion, however, Akmakjian entered into a plea agreement with the Government and pleaded guilty to count 3. The remaining counts were dismissed. Before accepting the guilty plea, the district court ascertained that Akmakjian knew that the statute of limitations presented a possible defense to count 3. Nevertheless, Akmakjian expressly waived the defense and the district court accepted his plea.

Four years later, Akmakjian filed a petition under 28 U.S.C. § 2255 to set aside the guilty plea to count 3 on the ground that the statute of limitations barred his indictment on that count. The district court denied the petition on the ground that Akmakjian had waived the statute of limitations defense at the time he entered his guilty plea. This appeal followed.

*Discussion*

The statute of limitations for income tax evasion requires the Government to obtain an indictment within six years of the commission of the offense with the proviso that:

> [w]here a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States.

26 U.S.C. § 6531.[1] Akmakjian was indicted six years, eight months, and twenty-seven days after the alleged violation.[2] Therefore the indictment was timely only if the tolling provision of section 6531 was activated.

In *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1964), the Supreme Court held that only a complaint establishing probable cause to believe that an offense had been committed activates the nine-month extension of the statute of limitations. In so holding, the Court addressed the policy concerns behind the nine-month extension of the statute of limitations. The tolling provision "was not meant to grant the Government greater time in which to make its case (a result which could have been accomplished by making the normal period of limitation six years and nine months), but rather was intended to deal with the situation in which the Government has its case made within the normal limitation period but cannot obtain an indictment because of the grand jury schedule." *Id.* at 219–20, 85 S.Ct. at 1368. The statute must be interpreted "to prevent the Government from filing a complaint at a time when it does not have its case made, and then using the nine-month period to make it." *Id.* at 220, 85 S.Ct. at 1368. The Court further stated: "A dismissal of the complaint before the indictment is returned would vitiate the time extension." *Id.*

■ We adopt the Supreme Court's language in *Jaben* and hold that where, as here, the Government successfully moves to dismiss the complaint, the nine-month extension of section 6531 is vitiated. Acceptance of the Government's position that the nine-month extension applies whenever a sufficient complaint is timely filed would mean that the Government could obtain the nine-month extension by simply filing an

---

1. All powers and duties conferred upon United States commissioners have been conferred by statute upon United States magistrates. 28 U.S.C. § 636(a)(1).

2. Although the alleged illegal act occurred on April 13, 1969, for purposes of the statute of limitations, it is deemed to have occurred on April 15, 1969. *United States v. Habig*, 390 U.S. 222, 225, 88 S.Ct. 926, 928, 19 L.Ed.2d 1055 (1968).

adequate complaint and immediately moving for dismissal. The normal statute of limitations period would effectively become six years and nine months—a result contrary to the policies underlying the tolling provision and disfavored by the Supreme Court in *Jaben.*

Although the indictment here was untimely, Akmakjian's conviction must still stand. The Supreme Court has held that the statute of limitations is an affirmative defense that is waived unless raised at trial. *Biddinger v. Commissioner of Police,* 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917). *See also United States v. Krasn,* 614 F.2d 1229, 1236 (9th Cir. 1980). Thus, contrary to Akmakjian's argument, a defense based on the statute of limitations is nonjurisdictional and can be waived. Here Akmakjian expressly stated in open court, apart from his plea of guilty, that he wished to waive the statute of limitations defense. Accordingly, we affirm his conviction.

AFFIRMED.