**UNITED STATES of America, Plaintiff,**

v.

**Richard A. HEIDECKE, Jr., Defendant.**

**No. 87 CR 950.**

United States District Court,
N.D. Illinois, E.D.

April 18, 1988.

---

Thomas M. Durkin, Jacquelin Stern, U.S. Atty.'s Office, Chicago, Ill., for plaintiff.

Aldo E. Botti, John R. Wimmer, Botti, Marinaccio & DeSalvo, Ltd., Oak Brook, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

On March 29, 1988, defendant Richard A. Heidecke, Jr. ("Heidecke") filed various jurisdictional motions. On April 6, 1988, the Government filed a consolidated response to these motions. On April 8, 1988, Heidecke filed his reply. This case has had a long-standing trial date scheduled on April 18, 1988. For the reasons stated in this opinion, we deny the defendant's jurisdictional motions.

### Motion to Dismiss—Absence of Federal Jurisdiction

Pursuant to Fed.R.Crim.P. 12(b), Heidecke has moved to dismiss the indictment based on an absence of federal jurisdiction. In this motion, Heidecke argues that the indictment does not allege any nexus between the alleged attempted extortion of the defendant and commerce. Specifically, Heidecke argues that the indictment does not allege a direct or indirect effect on commerce. In response, the Government correctly states that courts expansively construe the commerce element of the Hobbs Act, 18 U.S.C. § 1951. *See Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *United States v. Anderson*, 809 F.2d 1281, 1286 (7th Cir.1987). At a bare minimum, the Hobbs Act reaches conduct for which there is a realistic probability of an effect on commerce. *See Anderson*, 809 F.2d at 1286.

In *Anderson*, the Seventh Circuit rejected an argument strikingly similar to Heidecke's argument in this case. In *Anderson*, the Government indicted the office manager for Lake County court in Crown Point, Indiana. The indictment charged the defendant with violation of the Hobbs Act in connection with bribes he received to fix tickets. The defendant received the bribes from three truck drivers who had transported articles across state lines in the past and would do so in the future. The Seventh Circuit specifically held that "[t]he fact that a truck driver is able to pay a bribe to obtain a favorable disposition on a ticket for driving under the influence of alcohol increases the probability that he will be able to drive in the future. Thus, the bribery was likely to have a *direct* effect on interstate commerce." *Id.*, 809 F.2d at 1286 (emphasis added).

The facts of this case are virtually identical with the facts in *Anderson*. In this case, the Government alleges that Ronald Seick paid a bribe to Heidecke so that Heidecke would recommend that a temporary driver's license be issued to Seick. The Government alleges that when Seick bribed Heidecke, Seick was employed as a travelling sales agent for Loeb, Inc. In his capacity as a sales agent, Seick travelled to various states in the Midwest to meet with customers and suppliers. Loeb, Inc. records approximately $3 million in sales per year, some of which were surely earned because of Seick's sales efforts. The fact that Seick allegedly paid a bribe to obtain a temporary driver's license increased the probability that he would make future sales calls in various states in the Midwest. Such bribery was likely to have a direct effect on interstate commerce.

The Hobbs Act, 18 U.S.C. § 1951, requires only the slightest connection with commerce. The facts previously recited clearly demonstrate that the connection with commerce in this case exceeds this minimum. Accordingly, Heidecke's motion to dismiss based on absence of federal jurisdiction is denied.

### Motion to Dismiss Based on the Statute of Limitation

Pursuant to Fed.R.Crim.P. 12(b), Heidecke moves to dismiss the indictment because it is barred by the applicable statute of limitation. Specifically, the indictment which was returned on December 4, 1987 alleges that Heidecke committed attempted extortion from "on or about November 15, 1982 continuing until on or about Novem-

ber 29, 1982." Heidecke argues that the applicable statute of limitation for this offense is five years. *See* 18 U.S.C. § 3282.

■ On November 23, 1987, Heidecke signed a form entitled "Waiver of Statute of Limitations".[1] He now argues that his waiver was invalid because the statute of limitation creates a jurisdictional bar to prosecution. The vast majority of courts, including the Seventh Circuit, have rejected this notion. *See United States v. Meeker,* 701 F.2d 685, 687 (7th Cir.1983), *cert. denied* 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983) (citations omitted).

■ In the alternative, Heidecke argues that his waiver was invalid because it was not a knowing and voluntary waiver. The unequivocal language of the waiver refutes this argument. The waiver states that Heidecke is "a target of a Grand Jury investigation ... [and that such] investigation relates to [Heidecke's] actions with Ronald Seick and Thomas Benda on November 29, 1982 and the weeks preceeding [sic] it.... I waive any defense founded upon the Statute of Limitations ... provided an indictment is returned on or prior to December 11, 1987.... No promises, representations or inducements of any kind other than those contained herein have been made to me or my counsel in connection with this waiver." Heidecke, who is an attorney, was represented by counsel and had the

benefit of his own knowledge of the law and the advice of counsel before he signed the waiver.

The document which Heidecke signed clearly states the consequences of his waiver. The language of the waiver he signed is similar to the language of the waiver which the Seventh Circuit reviewed in *Meeker.* The waiver's clear language coupled with the advise of counsel and Heidecke's own legal training and knowledge abundantly supports this Court's finding that the waiver was knowing and voluntary. *See Meeker,* 701 F.2d at 686-88.[2]

Accordingly, we deny Heidecke's motion to dismiss based on the statute of limitation. We also deny Heidecke's motion for production of documents relevant to his motion to dismiss based on the statute of limitation as moot.

### Motion to Dismiss Based on Former Prosecution

Pursuant to Fed.R.Crim.P. 12(b), Heidecke moves to dismiss the indictment based on a prior prosecution in the state court of Illinois. Heidecke asserts three grounds in support of this motion. First, Heidecke argues that the federal prosecution in this case violates the "Petite Policy" which was promulgated by the United States Department of Justice. Second,

---

1. The Waiver of Statute of Limitations provides: "I, Richard Heidecke, have been advised by my attorney, Michael Nash, that I am a target of a Grand Jury investigation into alleged violations of Federal extortion statutes. The investigation relates to my actions with Ronald Seick and Thomas Benda on November 29, 1982 and the weeks preceeding [sic] it. I understand that a final decision with respect to seeking criminal indictment relating to my actions will be delayed based upon an agreed tolling of the Statute of Limitations for a period of time ending on and including December 11, 1987. Therefore, I waive any defense founded upon the Statute of Limitations relating to alleged violations of the federal extortion statute provided an indictment relating to that conduct is returned on or prior to December 11, 1987.
I have discussed this matter with my attorney, Michael Nash, and he and I fully understand the consequences of this waiver. No promises, representations or inducements of any kind other than those contained herein have been made to

me or my counsel in connection with this waiver."

2. In his motion, Heidecke argued that the Government procured Heidecke's signature by misrepresenting that it had not made any final decision regarding its intent or not to prosecute. The Government acknowledges that it had received the authorization to prosecute Heidecke from the Department of Justice before the waiver was executed. Heidecke argues that the early authorization somehow raises a colorable claim that the Government, specifically the United States Attorney for the Northern District of Illinois, had reached a final decision to indict Heidecke before the waiver was executed. Because he raised a "colorable claim", Heidecke argues that this Court should order the Government to provide further discovery to the defendant regarding the United States Attorney's decision to prosecute this case. Heidecke cites no law from this circuit which supports this argument. As we previously stated, the waiver in this case was knowing and voluntary.

Heidecke argues that the federal prosecution in this case violates principles of double jeopardy. Third, Heidecke argues that the federal prosecution in this case is a vindictive prosecution which violates principles of due process. We will discuss each ground in turn.

### 1. The "Petite Policy" Claim [3]

■ In 1959, the Attorney General of the United States promulgated the "Petite Policy." The "Petite Policy" establishes uniform guidelines which govern dual and successive federal prosecutions. Under the "Petite Policy," a federal prosecution subsequent to a state prosecution for the same conduct is authorized only if the state prosecution "left substantial federal interests demonstrably unvindicated." *See United States v. Mitchell,* 778 F.2d 1271, 1274 n. 2 (7th Cir.1985). Heidecke argues that the subsequent federal prosecution can serve no substantial federal interest because Heidecke's alleged criminal conduct did not affect directly or indirectly commerce under the Hobbs Act, 18 U.S.C. § 1951.[4] In *United States v. Jones,* 808 F.2d 561, 565 (7th Cir.1986), *cert. denied sub nom. Humphrey v. United States,* — U.S. —, 107 S.Ct. 1630, 95 L.Ed.2d 203 (1987), the Seventh Circuit again stated that the "Petite Policy" does not create any judicially-enforceable substantive rights. Heidecke has candidly acknowledged that this Court is bound to follow the *Jones* ruling.

### 2. Double Jeopardy

■ The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Generally, when the same conduct violates the laws of two sovereigns, such as a state and the federal government, the Double Jeopardy Clause does not prohibit the subsequent prosecution. *See Abbate v. United States,* 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959); *United States v. Jones,* 808 F.2d at 565. The Double Jeopardy

Clause will forbid a subsequent prosecution by the second sovereign in two situations. The first situation occurs when the second sovereign is a tool of the first sovereign. The second situation occurs when the second prosecution is a sham or cover for the prior prosecution. *See Bartkus v. Illinois,* 359 U.S. 121, 123–24, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959).

■ Heidecke argues that he has raised a colorable claim that the federal sovereign is a tool of the state sovereign and that this prosecution is a sham because four former DuPage County Assistant State's Attorneys now are employed in some capacity by the Department of Justice. In fact, only one of the former DuPage County prosecutors now works at the United States Attorney's Office for the Northern District of Illinois and that attorney has no active prosecutorial role in this case. At most, Heidecke has demonstrated the type of law enforcement cooperation between state and federal authorities applauded by the Seventh Circuit in *United States v. Aleman,* 609 F.2d 298, 309 (7th Cir.1979), *cert. denied* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed. 2d 780 (1980).

### 3. Vindictive Prosecution

■ Heidecke argues that this Court should dismiss the indictment in this case because the federal prosecution is vindictive. Specifically, Heidecke argues that he has been charged with a more serious federal offense because his maximum sentence at the federal level is thirteen years longer than his maximum sentence at the state level. A prosecution may be barred because it is vindictive if it results from specific animus or ill will or when the indictment charges a more serious offense in retaliation for the exercise of legal or constitutional rights with respect to the original charge. *See Blackledge v. Perry,* 417 U.S. 21, 27–28, 94 S.Ct. 2098, 2102–03, 40 L.Ed.2d 628 (1974); *United States v. DeMichael,* 692 F.2d 1059, 1061–62 (7th Cir.1982), *cert. denied* 461 U.S. 907, 103 S.Ct. 1878, 76 L.Ed.2d 809 (1983).

---

**3.** Heidecke did not reply to the Government's response to this ground. Instead, Heidecke chose to rely on the arguments raised in his opening brief.

**4.** Heidecke raised his objections regarding the effect that his conduct had on commerce in his motion to dismiss because of the absence of federal jurisdiction. We denied that motion on its merits.

■ The prosecution in this case does not constitute vindictive prosecution. As the Seventh Circuit stated in *DeMichael*, prosecutions at both the federal and state level are permissible where the underlying conduct violates more than one law. Moreover, a prosecutor, when exercising normal prosecutorial discretion, may dismiss one prosecution if an adequate result is obtained in another. Likewise, a prosecutor may decide to proceed in a second case if an inadequate result is obtained in the first. *DeMichael*, 692 F.2d at 1062.

For these reasons stated, we deny Heidecke's motion to dismiss the indictment because of a prior prosecution in Illinois state court. Heidecke's motion for production of documents relevant to defendant's motion to dismiss based on former prosecution is denied as moot.

## CONCLUSION

For the reasons stated, we deny Heideny defendant's motions to dismiss the indictment for lack of federal jurisdiction, based on the statute of limitation and based on a former prosecution. We deny as moot defendant's motions for production of documents relevant to his motion to dismiss based on the statute of limitation and based on former prosecution.