**16**

Hector ACEVEDO RAMOS, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 90–1716 (JP).**

United States District Court,
D. Puerto Rico.

Sept. 16, 1991.

Luis F. Abreu Elías, Hato Rey, P.R., for petitioner.

Salixto Medina Malavé, Asst. U.S. Atty., Hato Rey, P.R., for respondent.

OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner Héctor Acevedo Ramos (hereinafter "petitioner" or "Acevedo") challenges the legality of his confinement, and moves this court for an order dismissing count one of the indictment on which he entered a plea of guilty. He alleges that this Court lacked jurisdiction over the underlying offense because the statute of limitations for the offense had elapsed. For the reasons stated below, the petitioner's request is DENIED.

Acevedo and eight other defendants were tried based on a superseding indictment dated November 24, 1986, that charged various substantive offenses and violations of the substantive and conspiracy sections of the Racketeering Influenced and Corrupt Organizations Act (hereinafter "RICO"). 18 U.S.C. § 1962(c) and (d). Acevedo was named in three counts, involving substantive RICO, RICO conspiracy, and robbery. On the third day of trial on these charges, Acevedo moved to withdraw his plea of not guilty and enter a plea of guilty on the two RICO counts. The plea was accepted and Acevedo was sentenced on April 9, 1987, to two consecutive terms of 15 years imprisonment and a fine of $20,000.00. Petitioner now seeks to have the substantive RICO conviction vacated so that one of the 15–year terms and the fine are withdrawn.

The basis of petitioner's motion is the decision of the First Circuit in *United States v. Torres López*, 851 F.2d 520 (1st Cir.1988), *cert. denied*, 489 U.S. 1021, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989), which reversed the conviction by a jury of Acevedo's co-defendant on the parallel charge the petitioner now seeks to upend, on grounds the charge was predicated on racketeering acts that took place beyond the relevant five-year statute of limitations. *Accord* 18 U.S.C. § 3282.[1]

---

1. The RICO statute does not set forth its own statute of limitations. Instead, the limitations period is taken from 18 U.S.C. § 3282, which provides a general five-year limitations period for non-capital offenses. *Accord Agency Hold-*

*ing Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Section 3282 states:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or

The government opposes the petitioner's motion on both procedural and substantive grounds, asserting first that petitioner, by entering a plea of guilty, waived the right to assert any statute of limitations defense in subsequent or collateral proceedings, and second, that because of various distinctions in the underlying factual circumstances regarding Torres and Acevedo, the Circuit Court's opinion in *Torres* should not be applied to petitioner. Since this court resolves this petition based on the procedural grounds, the substantive grounds will not be discussed.

■ It should be noted at the outset that, although the First Circuit has not addressed the issue, every circuit court that has done so has held that criminal statutes of limitation are waivable affirmative defenses that do not affect the subject matter jurisdiction of the courts. *See, e.g., United States v. Walsh*, 700 F.2d 846, 855 (2d Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Karlin*, 785 F.2d 90, 92 (3d Cir. 1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *United States v. Del Percio*, 870 F.2d 1090 (6th Cir.), *reh'g. denied*, 1989 WL 24420, 1989 U.S.App. LEXIS 12378 (6th Cir.1989) (narrowing scope of *Benes v. United States*, 276 F.2d 99 (6th Cir.1960), by holding that only a specific agreement between parties to extend limitations period must be explicit);[2] *United States v. Meeker*, 701 F.2d 685, 687 (7th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987) (re-evaluating position taken in *Waters v. United States*, 328 F.2d 739, 743 (10th Cir.1964), and stating that "[i]t is well settled that the statute of limitations is an affirmative defense which is waived unless raised at trial."); *United States v. Wild*, 551 F.2d 418, 424–25 (D.C.Cir.), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977). Petitioner has offered no reasons why this court should depart from this widely held position and the court finds no reason to do so.

Petitioner asserts, however, that even if the limitations defense is waivable, that such a waiver must be voluntary and explicit, not implied from a guilty plea, and that no such waiver exists here. Petitioner cites a series of cases for this proposition, including *United States v. Caldwell*, 859 F.2d 805, 806 (9th Cir.1988), *cert. denied*, 489 U.S. 1039, 109 S.Ct. 1173, 103 L.Ed.2d 235 (1989); *United States v. Akmakjian*, 647 F.2d 12 (9th Cir.), *cert. denied*, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981); *United States v. Doyle*, 348 F.2d 715 (2d Cir.), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), *Del Percio, supra, United States v. Levine*, 658 F.2d 113 (3d Cir.1981), *Meeker, supra, United States v. Heidecke*, 683 F.Supp. 1215 (N.D.Ill.1988), and *Wild, supra.*

■ With one possible exception,[3] however, the court finds that these cases do

---

punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. 18 U.S.C. § 3282.

**2.** Petitioner cites to both *Benes* and *Waters, infra,* in his Reply Memorandum and suggests that these cases indicate a split among the circuits. As noted, however, both decisions have been either reversed or narrowed, making the opinion among the circuits unanimous.

**3.** The possible exception is the Ninth Circuit's decision in *United States v. Akmakjian*, 647 F.2d 12 (9th Cir.), *cert. denied*, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981). In this case, the defendant plead guilty to one count of filing false federal income tax returns, despite his earlier assertion that the specific count was barred by the statute of limitations. Before accepting the guilty plea, the district court ascertained that Akmakjian knew that the statute of limitations presented a possible defense to the count to which he was pleading guilty; and, on the record, he expressly waived the defense prior to the court's acceptance of his plea.

Four years later Akmakjian filed a petition under 28 U.S.C. § 2255 to set aside the plea on the ground that the statute of limitations acted as a bar. The court denied the petition, stating:

Although the indictment here was untimely, Akmakjian's conviction must still stand. The Supreme Court has held that the statute of limitations is an affirmative defense that is waived unless raised at trial. Thus, contrary

not stand for the proposition petitioner contends—*e.g.*, that for a waiver of a limitations defense to be valid it must be "a knowing and voluntary waiver ..., after consultation with counsel." Defendant's Reply Brief at 2. Instead, they stand for the proposition that *where a waiver is specifically made*, it must be explicit, knowing and voluntary.

The distinction that the Sixth Circuit made between the facts in *Benes*, in which it held the waiver was invalid, and *Del Percio*, in which it held the waiver was valid, is illustrative. In *Benes*, the defendant was charged with tax evasion, but prior to being indicted filed a civil action in federal court seeking to restrain the government from presenting certain evidence to the grand jury. The parties entered into an agreement whereby the government would not present its evidence to the grand jury until the appeals court disposed of the defendant's civil suit. When the civil suit was resolved, the government submitted its evidence, at which time the defendant claimed that the action was time-barred. The government countered that the agreement constituted a toll—a *de facto* waiver—of the limitations period. The court rejected the government's arguments, holding that a statute of limitations

> is not waived by the fact that the prosecution was withheld on account of an agreement with the accused, or by the fact that the accused procured continuances of the preliminary hearing from time to time until the period of limitations had expired.

276 F.2d at 109 (emphasis omitted).

In *Del Percio*, the defendant, under indictment for violations of certain provisions of the Atomic Energy Act, as well as for charges of conspiracy and false statements, believing that further inquiry by the government would result in no further charges, signed a series of three 90–day waivers of the relevant statute of limitations. The court held that these explicit agreements signed by the defendant were explicit enough to sustain the waivers and that the period had therefore been properly tolled.

■ Taken together, these two cases indicate how petitioner's presentation of the caselaw does not hold up. These cases deal with situations in which specific waivers of the statute of limitations were given by the defendant and hold that such waivers must be explicit (in addition to being knowing and intelligent). In this case, we are not dealing with a specific waiver of the statute of limitations. Instead, we are dealing with a plea of guilty and whether or not it constitutes an implied waiver of all non-jurisdictional defenses, including the statute of limitations.

The starting point for this discussion is a statement by the Supreme Court in *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917), that "[t]he statute of limitations is a defense and must be asserted on trial by the defendant in a criminal case." In *Biddinger,* the court would not allow the defendant to raise the defense of the statute of limitations in a habeas proceeding where he sought to prevent extradition to stand trial on the claim he contended was time barred.

Of course, petitioner Acevedo did not have a full trial because he plead guilty; however, such a plea constitutes a waiver of one's right to trial, and Acevedo's knowledge of this fact was adduced at the time

---

to Akmakjian's argument, a defense based on the statute of limitations is nonjurisdictional and can be waived. Here Akmakjian expressly stated in open court, apart from his plea of guilty, that he wished to waive the statute of limitations defense. Accordingly, we affirm his conviction.

*Id.* at 14 (citations omitted). Both petitioner and the government cite to this case as reinforcing their position. The government asserts that it, like the other cases listed, stands for the

proposition that a defendant cannot raise the issue of limitations after pleading guilty to the offense in question. Petitioner asserts that it stands for the proposition that a waiver of a limitations defense must be distinct from a plea of guilty to be valid.

Considering the context of the statement and the weight that the other cases give to the government's reading of the case, this court feels that the government's interpretation is correct.

his plea was accepted. The court asked the defendant:

> THE COURT: I have with me your petition to enter a plea of guilty.
>
> The clerk will take the oath of the defendant.
>
> (Whereupon, the defendant is duly sworn by the court clerk.)
>
> THE COURT: Now, Mr. Acevedo, did you read all the questions?
>
> THE DEFENDANT: Yes, sir. Yes, sir.
>
> THE COURT: Did you consult with your attorney on the context of the questions and their meaning?
>
> THE DEFENDANT: We consult completely, yes, sir.
>
> THE COURT: Are you satisfied that the answer to those questions are the truth?
>
> THE DEFENDANT: The answer of those questions are the truth, yes, sir.
>
> THE COURT: I will repeat some of the questions.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> THE COURT: Do you understand that you have a right to plead not guilty to every charge filed against you?
>
> THE DEFENDANT: I understand that.
>
> THE COURT: Do you remember reading and answering the questions about your right to a jury trial?
>
> THE DEFENDANT: I remember reading and answering my questions, sir, yes, sir.
>
> THE COURT: Do you understand that if you plead guilty, you will be found guilty without a trial?
>
> THE DEFENDANT: I understand that.
>
> \*　　\*　　\*　　\*　　\*　　\*

The ultimate question in this case, therefore, involves what rights, defenses, and claims are waived by a guilty plea. As the First Circuit has noted, "[t]he issue of the extent of waiver by a plea of guilty is complex and not free from difficulty." *United States v. DeCosta*, 435 F.2d 630 (1st Cir.1970). Some circuits have directly addressed the question present here—*e.g.*, whether limitations defenses are waived. For example, the Second Circuit has held, in *United States v. Parrino*, 203 F.2d 284, 286–87 (2d Cir.1953), and *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir.), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), that a defendant *cannot* raise the issue of limitations after pleading guilty to the offense in question. The court has stated:

> The cases are legion that "[a] plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects.... An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which subject matter jurisdiction of the court is the most familiar example.

*Doyle* at 718 (citations omitted).[4] Stating that statutes of limitation are not jurisdictional, the court held that the defense was waived.

The First Circuit has not addressed this issue as directly, but it *has* enunciated a standard that fairly easily resolves this issue. In *United States v. Webb*, 433 F.2d 400 (1st Cir.1970), *cert. denied*, 401 U.S. 958, 91 S.Ct. 986, 28 L.Ed.2d 242 (1971), the court held that guilty pleas waive "claims directly related to the determination of guilt or innocence," such as the privilege against self incrimination, the right to a jury trial, and the right to confront accusers. In *United States v. DeCosta, supra,* the court explained the line is drawn between "rights directly related to substan-

---

**4.** As with *Akmakjian,* petitioner finds dicta in *Doyle* to hang his hat on. In the opinion, as noted, the Second Circuit first asserts clearly and strongly that all nonjurisdictional claims are waived by a plea of guilty. Then, in the alternative, the court notes that "[e]ven if such claims are not waived by pleas of guilty simpliciter, a defendant advised by counsel can agree so to waive them, and the circumstances compel the conclusion that Doyle did precisely that." *Doyle,* 348 F.2d at 719. Petitioner asserts that this language suggests that nonjurisdictional claims must be specifically waived. Given its context, however, the language, and therefore the case, do not appear to present a particularly stable peg for petitioner.

tive matters that would be presented at trial" versus rights that have "no direct connection to the determination of defendant's guilt or innocence." In *DeCosta* itself, the defendant was attempting to claim his right to a speedy trial was violated. The court noted that this non-substantive right was different than those at issue in *Webb* and that it would be a waste of judicial resources to require defendant to go through with a trial to protect his right to appeal the issue.

The statute of limitations, at issue here, cannot be said to fall squarely in the range of either substantive or non-substantive rights. It certainly is not as substantive as the right to jury or the right to confront accusers; however, it is a matter that would have been—or at least should have been—raised at trial had the defendant not plead guilty. Again, given the prevailing view that limitations defenses are waived if not raised at trial, and the Supreme Court's strong language in *Biddinger*, this court holds that such claims *are* substantive and were impliedly waived by Acevedo upon his plea of guilty. The convictions therefore stand and the petitioner's request for a writ is denied.

IT IS SO ORDERED.