**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Carroll STEPHENSON, Defendant–Appellant.**

No. 06–30299.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Aug. 9, 2007.

As Amended on Denial of Rehearing and Rehearing En Banc Nov. 27, 2007.

Alan Hechtkopf, Esq., S. Robert Lyons, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

David Carroll Stephenson, Herlong, CA, pro se.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Defendant–Appellant.

Before: CANBY, HALL, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

David Carroll Stephenson appeals his conviction for one count of conspiracy to defraud the government under 18 U.S.C. § 371 and three counts of willful failure to file tax returns under 26 U.S.C. § 7203. These charges were based in part on Stephenson's business of selling trust packages to help clients conceal their assets from the IRS. Because the parties are familiar with the facts and prior proceedings, we do not recite them here. We affirm.

██ The district court was within its discretion to delegate the arraignment to a magistrate judge over Stephenson's objection. The magistrate may hear "any pretrial matter" with eight exceptions listed in 28 U.S.C. § 636(b)(1)(A), and Congress considered post-indictment arraignments to be a "pretrial matter" within this definition. *See Gomez v. United States,* 490 U.S. 858, 869 n. 16, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (citing H.R. Rep. No. 94–1609, 1976 U.S.C.C.A.N. 6162); *see also Peretz v. United States,* 501 U.S. 923, 931,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (distinguishing "subsidiary matters" not requiring consent).

█ The district court did not abuse its discretion by denying the motions to withdraw and to substitute counsel, or the motion for a continuance. The district court questioned both Stephenson and his counsel about their desired courses of action, and the court appeared to have a firm understanding of the nature of the conflict: namely, Stephenson wanted to raise baseless arguments, and his counsel refused to give them her blessing. The district court conducted a sufficient inquiry, and identified this problem as the cause of the breakdown in the attorney-client relationship. *See United States v. Adelzo–Gonzalez,* 268 F.3d 772, 780 (9th Cir.2001). Because we find that the rift was the result of Stephenson's "obstinance, recalcitrance, or unreasonable contumacy," *Brown v. Craven,* 424 F.2d 1166, 1169 (9th Cir.1970), we find no abuse of discretion here. Further, in the absence of any prejudice to Stephenson's defense, which he conducted himself without including standby counsel, the district court did not abuse its discretion by denying standby counsel's motion to withdraw on the basis of a manufac-tured conflict. *See United States v. Cochrane,* 985 F.2d 1027, 1029 (9th Cir.1993); *United States v. Coupez,* 603 F.2d 1347, 1351 (9th Cir.1979); *see also United States v. Morrison,* 153 F.3d 34, 55 (2d Cir.1998).

█ Because the statute of limitations is an affirmative defense, Stephenson has waived his ability to raise this issue for the first time on appeal. *See United States v. Lo,* 231 F.3d 471, 480–81 (9th Cir.2000); *United States v. Akmakjian,* 647 F.2d 12, 14 (9th Cir.1981). We note, moreover, that any error here did not affect Stephenson's substantial rights because Stephenson never contested the overt acts that occurred within the limitations period and never argued that "the acts that most strongly support a finding of conspiracy fell outside the statute of limitations." *United States v. Fuchs,* 218 F.3d 957, 963 (9th Cir.2000).

AFFIRMED.