NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: CHONGHEE JANE KIM, | ) | No. 16-60045 |
| | ) | |
| Debtor, | ) | BAP No. 15-1273 |
| | ) | |
| | ) | MEMORANDUM* |
| EDWARD M. WOLKOWITZ, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN HOOSHIM; | ) | |
| ALEXANDRE OH, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted October 4, 2017**
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Edward Wolkowitz, Chapter 7 Trustee (hereafter "the Trustee") for the bankruptcy estate of Chonghee Jane Kim ("Debtor"), appeals the decision of the United States Bankruptcy Panel of the Ninth Circuit ("BAP") which vacated the default judgment issued by the United States Bankruptcy Court for the Central District of California against Benjamin Hooshim and Alexandre Oh (hereafter collectively "Creditors") on August 12, 2015.  We agree with the BAP and vacate the judgment of the bankruptcy court.

(1)     The Trustee asserts that the BAP erred when it determined that the Trustee did not have standing to avoid[1] deeds of trust on certain property (hereafter "the Property") securing notes held by the Creditors.  We disagree.  The BAP held that the Trustee lacked standing to pursue avoidance of the Creditors' liens on the property at issue.  However, on appeal the Trustee fails to address the issue of standing in the opening brief.  We affirm the BAP's conclusion that the Trustee lacked standing. The Trustee had previously sold the Property at an auction sale confirmed by the bankruptcy court, and had quitclaimed the Property to the highest bidder (the Debtor) subject to the deed of trust liens.  Thus, the Property was no longer part of the bankruptcy estate, and avoiding or otherwise setting aside the deed of trust liens thereon could not benefit the estate.  *See* 11 U.S.C. § 551

---

[1]*See* 11 U.S.C. § 544(a).

2

(stating that avoided transfers are designed to preserve benefits "with respect to property of the estate").  In short, as the BAP cogently held, the Trustee had no standing to pursue avoidance of the Creditors' liens on the property.  *See, e.g.*, *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11–12, 124 S. Ct. 2301, 2308–09, 159 L. Ed. 2d 98 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __U.S.__, __, 134 S. Ct. 1377, 1387, 188 L. Ed. 2d 392 (2014); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472–73, 102 S. Ct. 752, 758, 70 L. Ed. 2d 700 (1982); *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996).

(2)    The Trustee also asserts that the BAP erred when it determined that the bankruptcy court default judgment erroneously transferred assets of the Creditors to the Trustee.  Again, we disagree.  Although we ordinarily do not address the merits of an issue once we have determined that there is a defect in a party's standing, the BAP also addressed the merits in its decision.  In doing so, the BAP held that the bankruptcy court erred to the extent it granted a default judgment award that exceeded the relief requested in the complaint.  *See* Fed. R. Bankr. P. 7054(a) (incorporating Fed. R. Civ. P. 54(c)); *McDonald v. Checks-N-*

3

*Advance, Inc. (In re Ferrell)*, 539 F.3d 1186, 1192–93 (9th Cir. 2008) (per curiam).

We find no error in the BAP's conclusion on this issue.[2]

The BAP correctly decided that the default judgment issued by the bankruptcy court should be vacated in its entirety.

We therefore VACATE the judgment of the bankruptcy court and remand for further proceedings. Costs are to be taxed against the Appellant.

---

[2]The adversary complaint prayed for an avoidance of the liens, not for orders transferring the Creditors' properties to the bankruptcy estate.