NOT FOR PUBLICATION

**FILED**



MAR 3 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHONGHEE JANE KIM,<br>　　　　　　　Debtor. | BAP No.　CC-20-1204-FLG |
| | Bk. No.　2:13-bk-25661-BB |
| ALEXANDRE OH,<br>　　　　　　　Appellant,<br>v.<br>EDWARD M. WOLKOWITZ, Chapter 7<br>Trustee,<br>　　　　　　　Appellee. | Adv. No.　2:17-ap-01277-BB |
| | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

Before: FARIS, LAFFERTY, and GAN, Bankruptcy Judges.

## INTRODUCTION

Creditor Alexandre Oh appeals from the bankruptcy court's $100,000

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

money judgment against him and in favor of chapter 7[1] trustee Edward M. Wolkowitz ("Trustee") based on a fraudulent transfer that Mr. Oh received from debtor Chonghee Jane Kim. Mr. Oh argues that the Trustee's claims and request for relief were barred by the statute of limitations.

We hold that Mr. Oh waived the statute of limitations defense when he agreed that the Trustee could pursue his fraudulent transfer claims in a new action. Accordingly, we AFFIRM.

## FACTS[2]

### A. Prepetition events

In 2010, a law firm sued Ms. Kim in state court and obtained a judgment against her. Before the entry of judgment, Ms. Kim transferred real property in Los Angeles (the "Property") to a company that she wholly owned (the "LLC").

Ms. Kim later caused the LLC to encumber the Property with two deeds of trust, securing promissory notes payable to Mr. Oh ($100,000) and Benjamin Hooshim ($50,000). Mr. Oh and Mr. Hooshim had previously

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] The basic facts and procedural history in this case are not in dispute. We borrow liberally from our earlier decision, *Hooshim v. Wolkowitz (In re Kim)*, BAP No. CC-15-1273-TaKuF, 2016 WL 2654350 (9th Cir. BAP May 2, 2016), *aff'd*, 700 F. App'x 710 (9th Cir. 2017). We also exercise our discretion to review the bankruptcy court's docket in this case and related cases, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

loaned money to Ms. Kim in those amounts, but the LLC did not execute the notes or the deeds of trust until several months later and just one week before entry of the judgment against Ms. Kim in the state court action.

After the law firm discovered these transfers, it commenced a second state court action against Ms. Kim to set aside the transfers as fraudulent. Ms. Kim immediately caused the LLC to transfer the Property back to her. She did not, however, take any action to remove the deeds of trust from the Property. She then filed a chapter 7 petition; that case was dismissed when she failed to attend a § 341(a) meeting of creditors.

**B.     The present chapter 7 case and original adversary proceeding**

Later, Ms. Kim filed a second chapter 7 case (the case from which this appeal emanates), and the Trustee was appointed.

The Trustee sought to sell Ms. Kim's real property, including the Property, subject to overbid and subject to any existing liens. Ms. Kim emerged as the successful bidder for $35,000. The bankruptcy court confirmed the sale, and the Trustee quitclaimed the Property to Ms. Kim.

Later, the Trustee commenced an adversary proceeding (the "Original Adversary Proceeding") against Mr. Oh and Mr. Hooshim. He sought to avoid the liens created by the deeds of trust under § 544 and California Civil Code section 3439. He requested a declaration that the Property was property of the estate free and clear of liens.

The bankruptcy court entered judgment against Mr. Oh and Mr. Hooshim avoiding the notes and deeds of trust as intentional

3

fraudulent transfers and allowing the Trustee to recover both the notes and the deeds of trust. The bankruptcy court held that all rights, title, and interests in the notes and the trust deeds were transferred to the Trustee and preserved for the benefit of the estate pursuant to §§ 550 and 551.

## C. The first appeal

Mr. Oh and Mr. Hooshim timely appealed the bankruptcy court's decision to this Bankruptcy Appellate Panel ("BAP"). While the appeal was pending, the Trustee informed the BAP that he had exercised the power of sale under the trust deeds and foreclosed on the Property.[3]

The BAP reversed in part. We held that the Trustee lacked standing to avoid the transfers because avoidance of the liens would not redress any injury to the estate. The fraudulent liens on the Property in favor of Mr. Oh and Mr. Hooshim injured the estate by reducing the sale price. But once the Trustee sold the Property subject to those liens, avoidance of the liens would benefit only the buyer (Ms. Kim), and not the estate.

Although no party had pressed the point, the BAP also stated that the Trustee neither requested nor preserved a claim for money judgment

---

[3] The Trustee retained TD Foreclosure Services, Inc. ("TD") to conduct the foreclosure sale. The Trustee was the successful bidder under Mr. Oh's deed of trust, then TD sold the Property to GB Inland Properties, LLC ("GB") under Mr. Hooshim's deed of trust and did not pay the sale price to the Trustee. GB then sold the Property to third-party buyers. Ms. Kim, Mr. Oh, and Mr. Hooshim sued the buyers, GB, and TD in state court for the wrongful foreclosure sale. The parties settled that case for over $140,000, with Mr. Oh receiving approximately $76,000. The Trustee filed a similar suit, which we discuss briefly below.

under § 550 and noted that the time for doing so had passed. *In re Kim*, 2016 WL 2654350 at *4.

The BAP further held that the bankruptcy court erred when it granted the Trustee relief that he did not seek in the complaint.

The panel vacated the judgment and dismissed the appeal. The Ninth Circuit affirmed, agreeing that the Trustee lacked standing to avoid the liens and deeds of trust and could not seek relief exceeding what was sought in the complaint in the Original Adversary Proceeding.

**D. The new adversary proceeding**

While the appeal was pending before the Ninth Circuit, the Trustee sought to consolidate the Original Adversary Proceeding with two other related cases: (1) Ms. Kim's suit against the Trustee for quiet title and declaratory relief and (2) the Trustee's suit against TD and GB arising out of the botched foreclosure sale. On May 19, 2017, he filed a new adversary complaint ("Combined Complaint") against Mr. Oh, Mr. Hooshim, Ms. Kim, TD, GB, and the two companies' owners and managers. The complaint focused largely on the wrongful foreclosure and the disgorgement of sale proceeds. Mr. Oh, Mr. Hooshim, and Ms. Kim were named as defendants because the Trustee requested that the court declare that they had no right, interest, or title to the Property or the sale proceeds.

Mr. Oh, Mr. Hooshim, and Ms. Kim answered the Combined Complaint and raised the statute of limitations as an affirmative defense.

In a status report to the court in the wrongful foreclosure case, the

5

Trustee discussed the Combined Complaint and stated that he sought to consolidate the three cases. He requested that the court "consolidate the herein case with the other listed matters in the Consolidated Complaint without any prejudice to the Trustee, the Estate, [or] the pending 9th Circuit Appeal . . . ."

The bankruptcy court held a status conference in the new adversary proceeding, Ms. Kim's adversary proceeding, and the Trustee's wrongful foreclosure action and discussed combining all proceedings under the new adversary proceeding. Mr. Oh did not provide a transcript of the status conference, but the bankruptcy court later said that the parties agreed to dismiss the three original actions without prejudice and agreed that the dismissal would not affect the ability of any party to assert rights and claims that had been asserted in the original actions.

Pursuant to this agreement, the bankruptcy court dismissed the three original cases. It dismissed Ms. Kim's adversary proceeding "without prejudice to the ability of any party to assert claims formerly asserted in this action in the pending action for declaratory relief," stating that the parties agreed on the record that the Combined Complaint "preserves all of the relevant issues." Similarly, the bankruptcy court dismissed the wrongful foreclosure case, stating that it "granted the Trustee's request to dismiss the herein adversary proceeding without any prejudice to the Trustee's pending Consolidated Complaint or any other claim the Trustee has or may have against the Defendants named in this matter or others."

After the Ninth Circuit remanded, the bankruptcy court held similar discussions with the parties in the Original Adversary Proceeding. Mr. Oh again did not provide a transcript of any of the discussions, but he acknowledges that the parties agreed "that 'all issues would be preserved unaffected.' Both sides stated they had no objection. . . ."

Thus, the bankruptcy court similarly dismissed the Original Adversary Proceeding. The order states that "[a]ll issues in this proceeding having now been consolidated into the new Adv. No. 2:17-ap-01277-BB and there being no reason for this adversary proceeding to remain pending, IT IS HEREBY ORDERED that [the Original Adversary Proceeding] is dismissed without prejudice."

The parties filed competing motions for summary judgment and for judgment on the pleadings. The court dismissed the Trustee's claims against Ms. Kim, Mr. Oh, and Mr. Hooshim with leave to amend.

The Trustee filed a first amended Combined Complaint, for the first time seeking a money judgment against Mr. Oh and Mr. Hooshim in an amount equal to the value of the deeds of trust that the court had already determined were made with the actual intent to hinder, delay, or defraud creditors. Mr. Oh and Mr. Hooshim again sought dismissal of the complaint, arguing that the claims were barred by the statute of limitations and untimely under § 546(a). They also argued that the Trustee could not seek relief exceeding the prayer in the original adversary complaint because the Trustee had obtained judgment by default.

The court denied the motion as to Mr. Oh and Mr. Hooshim, agreeing with the Trustee that the claims in the Combined Complaint related back to the original adversary complaint because they were based on the same facts and merely sought a different remedy. It stated that it was the intent of the court and the parties to treat the consolidated action as merely a continuation of the three adversary proceedings. However, it granted the motion as to the fraudulent transfer claims against Ms. Kim because she was not named as a defendant in the Original Adversary Proceeding.

The Trustee filed a second amended Combined Complaint, which included claims against Ms. Kim for fraudulent transfers. Again, the defendants filed a motion to dismiss based on the statute of limitations and failure to state a claim against Ms. Kim. The court struck the fraudulent transfer claims and gave the Trustee another chance to amend the complaint.

The Trustee filed his third amended Combined Complaint. He requested that "the Estate . . . be paid the reasonable [sic] equivalent value of the Hooshim Deed of Trust and the Oh Deed of Trust via a joint and severable [sic] judgment against Mr. Hooshim and Mr. Oh."

Ms. Kim, Mr. Oh, and Mr. Hooshim answered the third amended Combined Complaint, again asserting a statute of limitations defense. They also filed a motion for summary judgment, arguing that the statute of limitations barred the Trustee from seeking monetary recovery. The court denied that motion.

The Trustee then filed a motion for summary adjudication. He sought damages against Mr. Oh totaling $145,608.38 (the principal amount of the note secured by the deed of trust plus interest).

The court granted the Trustee's motion in part. It stated that it had already found that the deeds of trust were executed with the actual intent to hinder, delay, or defraud Ms. Kim's creditors. It rejected the defendants' argument that the claims were barred by the statute of limitations. It held that the claims in the Combined Complaint:

> are timely because the filing of this action relates back to the filing of the original Adversary Complaint . . . . Further, the court instructed the Plaintiff to consolidate the Original Complaint with the prior actions by commencing a new consolidated action (namely, the above-entitled adversary proceeding) to more efficiently adjudicate these matters and to prevent any inconsistent rulings. Importantly, the Plaintiff did not give up or otherwise lose any substantive right by virtue of the aforementioned consolidation actions.

The bankruptcy court held an evidentiary hearing on damages. Neither Mr. Oh[4] nor the Trustee called any witnesses, so the bankruptcy court decided the issue based on the legal arguments, stipulated facts, and documentary evidence, including the Trustee's counsel's declaration.

In his trial brief, Mr. Oh again raised his defense that the claims were barred by the statute of limitations. He argued that the Combined

---

[4] Mr. Hooshim had settled with the Trustee and obtained approval from the court under Rule 9019 prior to the evidentiary hearing.

Complaint was untimely under § 546 because it was filed more than two years after the petition date, so the consolidation of complaints did not affect his substantive right to raise his statute of limitations defense. He claimed that the BAP had already ruled that the time to seek a money judgment under § 546 had passed.

He argued that the Combined Complaint was barred under § 550, because it was filed more than a year after the judgment setting aside the fraudulent transfer. He also contended that the Trustee had not actually avoided any transfer, so he could not obtain any money judgment for the value of the transferred asset.

The court rejected these arguments. It held that claims in the Combined Complaint were not barred by the statute of limitations because it was a continuation of the Original Adversary Proceeding, which was timely filed. The Original Adversary Proceeding was "only dismissed based upon a discussion among the Court and the parties in which it was agreed that the Trustee would file a new, single action that incorporated all of the parties' respective claims against one another and that no one's rights would be prejudiced in the process." It thus concluded that the remedy sought related back to the filing of the original complaint.

The court rejected Mr. Oh's argument that the claims were barred by § 550(f). It said that § 550(f) concerned the commencement of an action, not the amendment of an existing action to assert an alternate form of relief. It also held that the fact that the Trustee did not actually recover any asset

does not preclude recovery under § 550.

The court then valued Mr. Oh's lien at $100,000 and awarded the Trustee judgment in that amount. Mr. Oh timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(H). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in holding that the claims and requested remedy in the Combined Complaint were not barred by the statute of limitations.

(2) Whether the bankruptcy court erred in holding that the default judgment in the Original Adversary Proceeding did not preclude the Trustee from seeking a different remedy in the Combined Complaint.

(3) Whether the bankruptcy court erred because the Trustee lacked standing to recover a monetary award under § 550.

## STANDARD OF REVIEW

Mr. Oh argues that the bankruptcy court erred as a matter of law. We review questions of law de novo. *See Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) ("We review an application of the statute of limitations de novo."); *Bernhardt v. Cty. of L.A.*, 279 F.3d 862, 867 (9th Cir. 2002) ("Standing is a question of law reviewed de novo.").

 "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505

11

B.R. 914, 917 (9th Cir. BAP 2014).

"We may affirm on any basis supported by the record." *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012) (citation omitted).

## DISCUSSION

**A.    The Combined Complaint's request for monetary relief was timely.**

Mr. Oh argues that the Trustee's request for a monetary remedy was untimely. We disagree.

Section 546(a) provides that:

(a) An action or proceeding under section 544 . . . of this title may not be commenced after the earlier of –

(1) the later of –

(A) **2 years after the entry of the order for relief**; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

§ 546(a) (emphasis added).

Similarly, § 550 provides that, if a transfer is avoided, the trustee may recover "the property transferred, or, if the court so orders, the value of such property . . . ." § 550(a). That section also provides that:

(f) An action or proceeding under this section may not be

12

commenced after the earlier of –

> (1) **one year after the avoidance of the transfer** on account of which recovery under this section is sought; or

> (2) the time the case is closed or dismissed.

§ 550(f) (emphasis added).

Mr. Oh argues that these limitations precluded the new remedy in the Combined Complaint. He contends that the Combined Complaint initiated a new action (following the dismissal of the Original Adversary Proceeding), and because that new action was commenced after the statutory time periods had run, the Trustee's claims were untimely. He argues that Civil Rule 15, made applicable by Rule 7015, does not allow the Combined Complaint to relate back to the Original Adversary Proceeding.

Mr. Oh ignores the fact that his counsel agreed on the record that the dismissal of the Original Adversary Proceeding would have no effect on the rights of the Trustee or anyone else in the new adversary proceeding. The limitations periods are waivable. *See, e.g.*, *Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 538 (11th Cir. 1998) ("[T]he limitations periods prescribed in 11 U.S.C. §§ 546(a) and 549(d) are statutes of limitations that can be waived."). The Ninth Circuit has stated in a non-bankruptcy context that "the statute of limitations is not jurisdictional and can be waived" if the waiver is knowing and voluntary. *United States v. Caldwell*, 859 F.2d 805, 806 (9th Cir. 1988) (citing *United States v. Akmakjian*, 647 F.2d 12 (9th Cir. 1981)).

Although the parties may not have specifically discussed the statute

13

of limitations, the agreement only makes sense if it included a waiver of any defenses based on the fact that the Combined Complaint was filed later than the first complaint. The Trustee certainly would not have sought to dismiss the Original Adversary Proceeding and proceed under the Combined Complaint if the dismissal would necessarily terminate his right to recovery. The court surely would not have encouraged a dismissal merely for the sake of efficiency and convenience if it destroyed the plaintiff's claims. The court made its intentions clear in the dismissal orders in the other two actions; those orders explicitly provide that the dismissals would not prejudice any party from pursuing their rights from the underlying actions. Although the order in the Original Adversary Proceeding was more terse, it must mean the same thing. Mr. Oh's counsel must have realized that the reservation of claims included a waiver of his statute of limitations defense. By agreeing that the Combined Complaint would replace the Original Adversary Proceeding, he necessarily agreed to allow the Trustee to maintain his existing claims against him.[5]

Thus, based on Mr. Oh's agreement, the dismissal of the original actions and the filing of the Combined Complaint did not affect the Trustee's ability to maintain his existing claims against Mr. Oh.

---

[5] Mr. Oh has not provided us with any transcript of the status conferences indicating otherwise. We are entitled to presume nothing in them would help his arguments on appeal. *See Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994).

Mr. Oh argues at length that the Combined Complaint could not relate back to the original adversary complaint. We need not address this argument because the Combined Complaint was itself timely (based on Mr. Oh's agreement), including the amendments which added to the Combined Complaint the avoidance claims related to the fraudulent deeds of trust. Therefore, the claims are timely whether or not they related back to the complaint in the Original Adversary Proceeding.

Mr. Oh also points out that the BAP's prior decision stated that the statute of limitations for seeking monetary relief had passed. However, as he acknowledges, this language in the decision is dicta. This issue was not squarely before the Panel, so neither the bankruptcy court nor this Panel is bound by the BAP's prior statement. *See United States v. Pinjuv*, 218 F.3d 1125, 1129 (9th Cir. 2000) ("We are not bound by dicta in decisions from our court or any other circuit."). More importantly, when the BAP made this statement, it could not have known that Mr. Oh would waive his defenses based on timeliness.

Mr. Oh argues that the one-year limitations period in § 550(f) bars the Trustee from seeking recovery. But the avoidance order in the Original Adversary Proceeding was appealed to the BAP and the Ninth Circuit and was vacated. The Trustee could not be expected to seek monetary relief under § 550 while the case was on appeal. *Accord Giovanazzi v. Schuette (In re Lebbos)*, BAP No. EC-11-1735-KiDJu, 2012 WL 6737841, at *15 (9th Cir. BAP Dec. 31, 2012), *aff'd*, 600 F. App'x 521 (9th Cir. 2015) (holding that

15

laches does not bar recovery under § 550 where the trustee timely filed a complaint within seven months of the disposition of an appeal). Thus, the claims were not barred by the statute of limitations.

**B.    The vacated default judgment does not preclude monetary relief.**

Mr. Oh argues that, because the court struck his answer to the original adversary complaint, under Civil Rule 54, the Trustee could not amend the original adversary complaint to request a monetary judgment.

Civil Rule 54(c), made applicable in adversary proceedings by Rule 7054(a), provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

But the court's judgment in favor of the Trustee was not based on the now-vacated default judgment in the Original Adversary Proceeding. Instead, it was based on the claims pled and relief sought in the new Combined Complaint. Mr. Oh responded to the Combined Complaint, vigorously litigated it through numerous dispositive motions, and the bankruptcy court entered a judgment on the merits after an evidentiary hearing. This was not a default judgment, so Civil Rule 54 is inapplicable in this case.

**C.    The Trustee had standing to request monetary relief under § 550.**

Finally, Mr. Oh argues that the Trustee lacks standing to request monetary relief under § 550 because the BAP held that the Trustee lacked standing to avoid the liens. He argues, without authority, that a party who lacks standing to request avoidance would similarly lack standing to

request monetary damages. He also contends that the Trustee did not successfully "avoid" any transfer, so he cannot recover damages.

This argument confuses the concepts of "avoidance" and "recovery." *See In re AVI, Inc.*, 389 B.R. at 733 ("The concepts of avoidance and recovery are separate and distinct."); *see also Lippi v. City Bank*, 955 F.2d 599, 605 (9th Cir. 1992) ("There are, in effect, three conceptual steps to the trustee's case; the trustee must establish: 1) fraud or illegality under the applicable substantive law; 2) resulting voidness or voidability of the transfer under the applicable law so as to allow avoidance pursuant to 544(b); and 3) liability of the particular transferee pursuant to the provisions of section 550.").

Section 548(a) and the comparable provision of California law, California Civil Code section 3439.04, permit the avoidance of transfers made with the actual intent to hinder, delay, or defraud creditors. The bankruptcy court held that Ms. Kim acted with the requisite intent; thus, the deeds of trust have been avoided.

Once a transfer has been avoided, the court must determine what and from whom the trustee may "recover" under § 550. That section generally permits the recovery of either the transferred property or its value. *See USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 890 (9th Cir. 2010) ("If a bankruptcy court permits the trustee recovery, the court has discretion whether to award the trustee recovery of the property transferred or the value of the property transferred."). In this case, both the

BAP and Ninth Circuit rejected the Trustee's attempt to "recover" the transferred property interest – the lien that Ms. Kim's LLC granted to Mr. Oh – because that recovery would not have redressed the injury to the estate that the fraudulent transfer caused. Lien avoidance would not have benefitted the estate at all. Rather, it would have benefitted only the buyer of the Property: Ms. Kim, who perpetuated the fraudulent transfer.

The judgment on appeal is based on the other option under § 550 – recovery of the value of the transferred property interest. The monetary recovery under that judgment will flow directly and exclusively to the estate and will redress the loss to the estate. The Trustee had standing to seek that recovery, irrespective of the BAP's earlier holding that the Trustee lacked standing to avoid the liens.

## CONCLUSION

For the foregoing reasons, the bankruptcy court did not err in entering a money judgment in favor of the Trustee and against Mr. Oh. We AFFIRM.